BUTLER *v.* DETROIT, YPSILANTI & ANN ARBOR RAILWAY.

1. TRIAL—INSTRUCTIONS—INVADING PROVINCE OF JURY.
   Where in a personal injury case the severity of plaintiff's injuries is contested, it is error for the court to charge that defendant does not dispute that plaintiff was injured as alleged, but bases his defense on his nonliability for the injury.

2. SAME.
   The court should not intimate that "plaintiff could best describe his injuries."

3. SAME.
   The jury should not be told that they must believe the theory

of one party or the other "right through," where they might have found that the injury occurred as plaintiff claimed, but that its extent was trivial.

4. SAME.

It is error for the judge to refer to a previous trial of the same case, in which plaintiff had verdict, and state that for some unfortunate remark or ruling another judge thought the case better be tried again, and that he would like to get to the end of it and reach the just rights of the parties.

Error to Wayne; Donovan, J. Submitted October 19, 1904. (Docket No. 52.) Decided November 15, 1904.

Case by Charles Butler against the Detroit, Ypsilanti & Ann Arbor Railway for personal injuries. There was judgment for plaintiff, and defendant brings error. Reversed.

*Corliss, Andrus, Leete & Joslyn,* for appellant.

*Edward M. Vining (J. Emmet Sullivan,* of counsel), for appellee.

HOOKER, J. The plaintiff was riding upon the defendant's car platform, having paid his fare, at a time when a controversy arose between the conductor and one Miller in relation to the latter's fare. Miller was put off from the platform, and plaintiff testified that he also was thrown off and hurt by defendant's motorman. This was disputed, but it was clearly a question for the jury. The defendant has appealed.

It was claimed on the part of the plaintiff that he was seriously injured, having several ribs broken, and that he was a sufferer therefrom for a long period. The defense sought to show that he was not seriously hurt, and there was testimony that his early complaint was confined to small injuries; that he was silent about injury to his ribs or trunk; that he attended to his business and walked considerable distances; that he was not confined to the house; that soon afterwards he went to a fair, and was strong

enough to go to Wayne to commence a suit but a few days after the injury; that he also had a successful fight with his two farm laborers two years later.

In his instructions to the jury, the judge said:

"The real defense in this case by the railway company is not that Butler was not injured; is not that Butler's ribs were not broken; is not that his wrist was not twisted; is not that he is making up a case in any way. That is not it. The theory of the defense in this case by the company is this: That Miller—the man having no authority to put anybody off—that Miller, being rightfully put off, grabbed hold of Butler and dragged him down."

Again he said:

"I take it, if the man is injured, he has been injured as described in this case. * * * Now, you heard the testimony about the extent of the injury, and I need not go into it any more than the doctor and Mr. Butler— We will say the two doctors and Mr. Butler swore to the extent of the injuries, and no doctor was put on to contradict them, excepting what they could draw from the physicians —Dr. Zimmerman and Dr. Bennett. * * * 'There can be no recovery in this case under the declaration for any injuries that the plaintiff may have sustained to his back.' Well, it depends upon what you call his ribs. To his ribs was the main burden of the case. I will say that it will depend upon what you call it. I do not know any particular injury to his back testified to, but two broken ribs and another injured rib, and the rest seems to have been contradicted, the injury sworn to by Butler."

Again he said:

"If you believe the testimony of the witness Moore, I will not particularize, and call any witness by name, and plant the case on his testimony. You will either believe for the plaintiff or the defendant in this case. I am not going to hold up any one witness—possibly might hold up the plaintiff, he being the one that could describe his injuries. But I am not going to plant this case upon the testimony of any one witness. You will either believe the theory of the plaintiff and the evidence on his side right through, or the theory and the evidence of the railway right through. I will not plant it upon any one man of their picking out. That is for you to take up."

Complaint is also made of the following language of the court:

" (*a*) I have known of cases where two witnesses would outswear ten if they had better knowledge of the facts, circumstances, and surroundings.     *   *   *

" (*b*) I am not going to hold up any one witness—possibly might hold up the plaintiff, he being the one that could describe his injuries.     *   *   *

" (*e*) Without any anger or malice clearly proven on the part of the company against him,     *   *   *   Butler went off with Miller;     *   *   *   had his two ribs broken, and his wrist, or was thrown off.     *   *   *

"The case has been tried twice before.   Some unfortunate remark or ruling has given the judge the idea that it should be tried again.   You will either believe the theory of the plaintiff and the evidence on his side right through, or the theory and evidence of the defendant right through."

It was error to give the jury to understand that the defendant did not dispute any of the hurts described in the portion of the charge quoted, and in saying that, if injured at all, it was as described.   It was also out of place to say, by implication, that the claim of two broken ribs and injury to the back was uncontradicted.   If no other physicians than those named by the court were called, it was the right of the defendant to show that plaintiff's conduct was inconsistent with the claim of severity of injury made, and it had a right to have that question fairly submitted to the jury upon the question of damages.

The language in relation to the value of the testimony of two witnesses as against ten was perhaps, in the main, unobjectionable, when taken in connection with all said upon the subject; but it would have been better had he omitted the intimation that the "plaintiff could best describe his injuries."

It was not proper to say that the jury must believe the theory and evidence of one side or the other "right through."   The jury might have found with the plaintiff upon the incidents of the fight, and yet disbelieved his testimony as to the extent of his injury, in the light of cir-

138 MICH.—14.

cumstances shown.    This would have had a material bearing on the amount of damages to be awarded.

A witness stated a conversation with the motorman relating to the affair, which talk occurred some time afterward.    Plaintiff's counsel insist that this was impeaching testimony.    If a proper foundation was laid, it may have been properly admitted.    It was not substantive testimony of the facts so stated, however; and if, as counsel claim, the judge so treated it, he committed an error in so doing. It is doubtful, however, if this was so intended or so understood.

Again, it was prejudicial for the judge to say:

"Now, I hope you have not lost sight of the case by this grand jury coming in and out, and some little confusion, because we could not avoid it.    I hope you have not lost sight of this case here, because the case has been tried twice before.    Some unfortunate remark or ruling has given the judge the idea that it should be tried again —once in my division and once in another division—and we would like to get to the end of this case, and we would like to reach the just rights of the parties."

If, as is not improbable, the jury knew that the plaintiff had already recovered two verdicts, they would be likely to think that "some unfortunate remark or ruling" was an unimportant matter, not justifying further resistance by defendant.

The judgment is reversed, and a new trial ordered.

MOORE, C. J., and GRANT and MONTGOMERY, JJ., concurred.    CARPENTER, J., took no part in the decision.