McAVON *v.* BRIGHTMOOR TRANSIT CO.

1. MOTOR VEHICLES—NEGLIGENCE—STOPPING TO PICK UP PASSENGERS NOT ''PARKING''—STATUTES.

   The driver of a bus was not negligent in stopping it with the rear end about three feet from the edge of the pavement to pick up passengers; the bus not being ''parked'' within the meaning of that word as used in Act No. 96, Pub. Acts 1923.

2. EVIDENCE—CERTIFIED TRANSCRIPT OF PUBLIC RECORD ADMISSIBLE.

   Under 3 Comp. Laws 1915, § 12507, certified transcripts of public records are admissible as evidence.

3. SAME—CERTIFIED STATEMENT OF WHAT RECORD SHOWS INADMISSIBLE—MOTOR VEHICLES.

A certificate under the hand and seal of the secretary of State stating that the records in his department showed that a certain automobile license number was in the name of a certain person, but not assuming to be a transcript of the original record, was not admissible as evidence, since it does not comply with 3 Comp. Laws 1915, § 12507.

4. SAME—STATEMENTS BY THOSE PRESENT RELATING TO CAUSE OF ACCIDENT ADMISSIBLE AS RES GESTÆ.

In an action for personal injuries resulting from a collision, statements made by those present, incidental thereto, and explanatory thereof, termed the res gestæ, are admissible, although in fact hearsay.

5. SAME—STATEMENT OF DRIVER AS TO OWNERSHIP OF VEHICLE INADMISSIBLE AS RES GESTÆ.

In an action for personal injuries resulting from a collision between a bus and a truck, the answer of the truck driver, while still in his seat in the truck after the collision, when asked who was the owner of the truck, was not admissible as part of the res gestæ, since it was in no way related to the cause of the collision.

6. PRINCIPAL AND AGENT—DECLARATIONS OF AGENT INCOMPETENT TO ESTABLISH AGENCY.

While the testimony of an agent is competent to establish the existence of the agency, his declarations or admissions are not.

Error to Wayne; Perkins (Willis B.), J., presiding. Submitted October 3, 1928. (Docket No. 18, Calendar No. 33,869.) Decided December 4, 1928.

Case by Bryan J. McAvon against the Brightmoor Transit Company and W. S. Birch for personal injuries. Judgment for defendants on a directed verdict. Plaintiff brings error. Affirmed.

*Franklin L. Lord,* for appellant.

*Fred L. Vandeveer* and *Leroy G. Vandeveer,* for appellee Brightmoor Transit Co.

*Charles C. Conklin,* for appellee Birch.

SHARPE, J. Plaintiff seeks review by writ of error of a judgment entered on a directed verdict in favor of both defendants in an action for damages for personal injury. The facts stated in the manner most favorable to plaintiff's claim are as follows:

On August 26, 1924, the plaintiff boarded a passenger motor bus, properly lighted, with the name of the defendant transit company upon it, and, after it had proceeded a little distance, it stopped on the right side of the street to pick up two passengers. When it stopped, its front end was about a foot and its rear end about three feet from the edge of the pavement. A very short time after it had started, and before it got up much speed, a truck, bearing a license plate No. 229–425, struck it in the rear. There was evidence that plaintiff sustained injury from the effects of the collision.

1. *Negligence of the Bus Company.* It is urged that the driver of the bus was negligent in stopping it with the rear end about three feet from the edge of the pavement. The width of the paving was 20 feet and that of the bus seven and a half feet. The bus was not parked within the meaning of that word as used in Act No. 96, Pub. Acts 1923. *Sahms* v. *Marcus,* 239 Mich. 682. The trial court was clearly right in holding that no actionable negligence on the part of the driver of the bus was proven.

2. *Ownership of the Truck.* The trial court held that no competent evidence had been submitted that the defendant Birch was the owner of the truck. There was no error in so holding. Plaintiff put in evidence a certificate under the hand and seal of the secretary of State, stating—

"that on the 4th day of March, A. D. 1924, motor vehicle license Number 229–425, for the year 1924,

was in the name of W. S. Birch of R. No. 2, Plymouth, Michigan, on a Reo Speedwagon, according to the records of this department.''

Certified transcripts of public records are admissible as evidence. 3 Comp. Laws 1915, § 12507. The certificate did not assume to be a transcript compared with the original. Had the original record, or a transcript duly certified, as required by the statute, been offered, it would have been *prima facie* evidence of defendant's ownership. *Hatter* v. *Dodge Brothers,* 202 Mich. 97.

Jack W. Wilson, a witness produced by plaintiff, stated that after the accident, and while the driver of the truck was still in his seat, he spoke to him, and he was then asked ''whether or not anything was said in reference to the owner of the truck.'' On objection he was not permitted to state the answer made by the driver. Error is assigned on this ruling.

Where a personal injury results from a collision, as in this case, one of the facts to be determined on which liability may be predicated is, What caused the collision? Statements made by those present, incidental thereto and explanatory thereof, termed the *res gestæ,* are admissible, although in fact hearsay. But, as was said in *Rogers* v. *Railway Co.,* 187 Mich. 490, 494:

''It is well established by the authorities that the only conditions upon which such statements will be allowed in evidence are (1) that there is a startling occasion, startling enough to produce nervous excitement, and render the utterance spontaneous and unreflecting; (2) that the statement must have been made before there has been time to contrive and misrepresent; and (3) the statement must relate to the circumstances of the occurrence preceding it. 3 Wigmore on Evidence, § 1750 *et seq.*''

The statements made in such cases must be voluntary and the spontaneous outgrowth of the occurrence (*Bernard* v. *Paper Box Co.*, 170 Mich. 238 [42 L. R. A. (N. S.) 930]), and, as said in the *Rogers Case*, "must relate to the circumstances of the occurrence preceding it." The rule thus stated was quoted with approval in the more recent case of *Stone* v. *Refining Co.*, 225 Mich. 344, 350. The answer of the driver, if responsive to the question asked by Wilson, would in no way have related to the cause of the collision and would not have been a part of the *res gestæ.*

In our opinion there is another reason why the answer was not admissible. It was no doubt expected to show thereby that the defendant Birch was the owner of the truck. If so, the driver was at that time in his employ, acting as his servant or agent. While the testimony of an agent is competent to establish the existence of the agency, his declarations or admissions are not. In *Gutterson* v. *Dilley,* 201 Mich. 579, 586, it was said:

"An agent cannot prove his agency or its extent by his own declarations. It is hardly necessary to cite authority upon so elementary a proposition. * * * A person certainly cannot confer authority upon himself or make himself agent, merely by saying he is one."

Plaintiff's attorney relies on *Hatter* v. *Dodge Brothers, supra,* and *Wald* v. *Packard Motor Car Co.*, 204 Mich. 147. In the first of these it appeared that the statement of the driver as to his employer was admitted without objection. In the latter the court was evenly divided.

No error appearing, the judgment is affirmed.

Fead, C. J., and North, Fellows, Wiest, Clark, McDonald, and Potter, JJ., concurred.