MILLER v. GENERAL MOTORS CORP.

1. PLEADING—COURT RULES—ALLEGATION OF MATTER SUPPORTING DENIALS—PURPOSE.

Purpose of provision in court rule requiring that in connection with every denial the answer shall set forth the substance of the matters which will be relied upon to support such denial is to narrow the issue solely to facts in dispute and to make it unnecessary to prove those matters upon which there should be no dispute and to save the time of the court (Court Rule No. 23, § 2 [1933]).

2. Same—Assumpsit—Torts.

A stricter observance of court rule requiring answers to contain statement of substance of matters to be relied upon to support denials is exacted in assumpsit than in tort (Court Rule No. 23, § 2 [1933]).

3. Same—Court Rules—Denials.

Court rule requiring answers to contain statement of substance of matters to be relied upon to support denials does not make the declaration a bill for discovery nor require defendant to produce its evidence prior to trial (Court Rule No. 23, § 2 [1933]).

4. Same—Answers—Sufficiency—Discretion of Court.

Since there can be no specific formula as to what the answer should contain in a denial in a tort case, the sufficiency of the answer must largely rest within sound discretion of circuit judge.

5. Same—Answer—Sufficiency—Torts—Contracts.

Order striking from files, in action on subrogated tort claim by workmen's compensation insurer against owner of premises where accident is alleged to have occurred, defendant's answer which neither admitted nor denied but left plaintiff to its proofs as to averment that insured was an independent contractor employed to perform certain electrical construction and repair work and which denied that defendant's employees ran a loaded hand truck into step ladder on which insured's employee was performing work *held,* proper, since plaintiff is entitled to know the facts, though not the evidence, on which defendant relies (Court Rule No. 23, § 2 [1933]).

6. Same—Answers—Denial—Knowledge.

Denial in an answer, instead of averment of lack of knowledge, indicates defendant did have some knowledge of fact alleged (Court Rule No. 23, § 2 [1933]).

Wiest, J., dissenting.

Appeal from Wayne; Miller (Guy A.), J. Submitted December 15, 1936. (Calendar No. 39,246.) Decided March 2, 1937.

Case by John Miller, doing business as John Miller Electric Company, for the use and benefit of Standard Accident Insurance Company, a Michigan corporation, against General Motors Corporation, a Delaware corporation, for damages on a subrogated compensation claim. Motion by plaintiff to dismiss defendant's answer or, in the alternative, to require amended answer. Motion granted. Defendant appeals. Affirmed.

*Lightner, Crawford, Sweeny, Dodd & Toohy,* for plaintiff.

*Frederick J. Ward,* for defendant.

BUSHNELL, J. Plaintiff, for the use of his insurer, brought an action of trespass on the case on a subrogation claim against defendant. In the declaration, plaintiff alleges that he paid compensation to one of his employees; that the employee was working on top of a stepladder at defendant's plant in performance of a contract between plaintiff and defendant; that the ladder was placed with its base on the floor in such a position so as to be fully and readily visible to all persons near the ladder; that two of defendant's employees, their names being unknown to plaintiff, were engaged in pulling or propelling a hand truck loaded with upholstering material and, notwithstanding the fact that the ladder was plainly visible, they negligently pushed the truck against the ladder, causing it to topple over and fall with the result that plaintiff's employee received serious injuries for which he recovered compensation from plaintiff, who in turn seeks to collect from defendant.

Defendant categorically answered each and every paragraph in the declaration. The answer admitted one paragraph, denied others, and as to the remain-

der, the defendant averred that it had not sufficient knowledge or information so as to form a belief and therefore neither admitted nor denied them, but left plaintiff to his proofs. In this latter respect, the answer followed the provisions of Court Rule No. 23, § 2 (1933). Plaintiff contends that the denials of certain paragraphs were insufficient as they contained no statements as to the matters upon which defendant would rely to support such denials as provided for in Court Rule No. 23, § 2 (1933), and for that reason plaintiff moved to have defendant's answer stricken. The court so ordered, however, giving defendant time to file an amended answer. Defendant claims its answer was sufficient and that the court erred in striking it from the files.

Under Court Rule No. 23, § 1 (1933), the plea of general issue was abolished and answers were provided for. The latter part of Court Rule No. 23, § 2 (1933), provides that in connection with every denial the answer shall set forth the substance of the matters which will be relied upon to support such denial. The purpose of the rule is to narrow the issue solely to facts in dispute and to make it unnecessary to prove those matters upon which there should be no dispute. The main purpose of a lawsuit is to elicit the truth and when the facts are known to either side and do not admit of any dispute, they should be frankly stated so as to make it unnecessary for the opposite party to offer proof as to such facts and thus also save the time of the court. This is especially true in cases involving breach of contracts where all the elements entering into the contract should be fully and freely brought out by declaration and answer so that the issue may be limited to the sole point or points over which there is a dispute. A stricter observance of the rule is exacted in as-

sumpsit than in tort where frequently most of the
facts are very much in dispute. The rule does not
make the declaration a bill for discovery nor does it
require the defendant to produce its evidence prior
to trial. It, however, does require in tort cases the
setting forth of the substance of the matters which
will be relied upon to support a denial. There can
be no specific formula set forth as to what the answer
should contain in a denial in a tort case and the suffi-
ciency of the answer largely must rest within the
sound discretion of the circuit judge.

In the instant case, in paragraph two, plaintiff al-
leges that he was engaged as an independent con-
tractor under contract with the defendant in per-
forming certain electrical construction and repair
work in and about the defendant's plant where it is
alleged the accident happened as specifically set
forth. Defendant answers the paragraph by neither
admitting nor denying it, but leaving plaintiff to his
proofs. Defendant had a right under the rules to
make its answer in this form, but it seems quite im-
probable that defendant would not know whether it
had a contract with plaintiff. The answer to this
paragraph rather indicates a desire to withhold all
information and not to comply with the spirit of the
rules. Paragraphs six and seven of plaintiff's decla-
ration state that his employee, while engaged in per-
forming work under the contract and while on a
ladder, was thrown down and thus was injured, by
reason of the negligence of two of defendant's em-
ployees who carelessly struck the ladder with a hand
truck and that the persons so propelling the hand
truck were employees of defendant engaged in its
business and acting within the scope of their employ-
ment. Defendant's answer to these two paragraphs
is a denial. It does not aver lack of knowledge of

the facts, but denies *in toto* the allegations of the paragraphs. In so doing, it does not even admit that an accident occurred. Again, while it is possible that no such accident did occur, the very denial, instead of an averment of lack of knowledge, indicates that defendant did have some knowledge. Plaintiff was entitled to know in general the facts, though not the evidence, upon which defendant relies. The accident may have taken place under circumstances which involved no liability whatsoever on defendant's part. If it knows that the accident did take place, or any other circumstances, it should so state. If it does not know, it should state its lack of knowledge.

There was no abuse of discretion on the part of the court in ordering a fuller answer and the order is affirmed, with costs to plaintiff.

FEAD, C. J., and NORTH, BUTZEL, and SHARPE, JJ., concurred with BUSHNELL, J.

WIEST, J. (*dissenting*). Defendant's answer was sufficient. It was not necessary for defendant to supplement the denial of alleged facts by a statement of matters upon which it would rely to support such denials. A flat denial carries no implication of retention of matters which should be disclosed in the pleading.

I cannot subscribe to the postulate that the very denial indicates that defendant did have some knowledge of the alleged happening which should be imparted to plaintiff in the pleading.

Order should be reversed with direction to set aside the order sustaining objections to defendant's answer. Costs to defendant.

TOY, J., took no part in this decision. POTTER, J., did not sit.