SEXTON *v.* BALINSKI.

1. EVIDENCE—RES GESTÆ—STATEMENTS.

Statements, admissible as exception to hearsay rule because *res gestæ*, are admitted because they are spontaneous exclamations which, by virtue of their origin, have a peculiar trustworthiness.

2. SAME—RES GESTÆ—HEARSAY.

Hearsay statements to be admissible as *res gestæ* must satisfy the following conditions: (1) that there is an occasion, startling enough to produce nervous excitement and render the utterance spontaneous and unreflecting; (2) it must have been made before there has been time to contrive and misrepresent; and (3) it must relate to the circumstances preceding it.

3. SAME—HEARSAY—MOTORIST'S STATEMENT TO POLICE OFFICER.

In pedestrian's action against driver of car, appellant and another, admission in evidence of driver's statement to police officer about 15 minutes after the accident that appellant was owner of car involved *held*, reversible error, where received over objection, such testimony by police officer being mere hearsay.

Appeal from Wayne; Gordon (Arthur E.), J., presiding. Submitted April 21, 1937. (Docket No. 5, Calendar No. 39,314.) Decided May 21, 1937.

Case by Charles J. Sexton against Tad Balinski, John Kozakiewicz and Nick Zuck, doing business as Zuck Auto Sales, for personal injuries sustained when struck by an automobile. Verdict and judgment for plaintiff. Defendant Zuck appeals. Reversed and new trial granted.

*Bratton & Bratton,* for plaintiff.

*Henry* and *Edward F. Wunsch* (*Ernest C. Wunsch*, of counsel), for defendant Zuck.

POTTER, J. Plaintiff recovered a judgment against defendants for $5,000 damages for injuries sustained while a pedestrian by being struck by an automobile. Defendant Zuck alone appeals.

Plaintiff was injured by being struck by an Oldsmobile and appellant's liability depends upon whether he was the owner thereof at the time plaintiff was injured. At the trial, a police officer was permitted to testify, against appellant's objection, to what defendant Kozakiewicz said at the police station after the accident about appellant owning the automobile. The police officer, Fred Wilkinson, stated defendant Kozakiewicz told him who owned the car he was driving. This was objected to as hearsay and the court stated he would receive it as a part of the *res gestæ.* The testimony showed this statement was not taken immediately following the accident but at the police station approximately 15 minutes after the accident occurred, and that at that time the defendant Kozakiewicz said the car belonged to Nick Zuck. All this was objected to as hearsay.

Statements which are part of the *res gestæ* are always hearsay but constitute, as generally classified, an exception thereto based upon the fact they are spontaneous exclamations which by virtue of their origin have a peculiar trustworthiness. The only conditions on which such statements will be allowed in evidence are: (1) That there is a startling occasion, startling enough to produce nervous excitement and render the utterance spontaneous and unreflecting; (2) the statement must have been made before there has been time to contrive or mis-

represent; and (3) the statement must relate to the circumstances preceding it. *Rogers* v. *Railway Co.,* 187 Mich. 490; *McAvon* v. *Brightmoor Transit Co.,* 245 Mich. 44; *Bernard* v. *Grand Rapids Paper Box Co.,* 170 Mich. 238 (42 L. R. A. [N. S.] 930).

The testimony admitted against appellant's objection was as to the defendant Kozakiewicz a self-serving declaration,— and as to appellant Zuck not a part of the *res gestæ,* but clearly hearsay. There was little testimony outside of that offered by officer Wilkinson tending to show appellant Zuck was the owner of the automobile. The admission of this testimony was prejudicial error. The other questions are not likely to arise upon a retrial of the case.

Judgment reversed, with costs, and new trial ordered.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and CHANDLER, JJ., concurred.