HOLTZ *v.* L. J. BEAL & SON, INC.

1. EVIDENCE—HEARSAY—SPONTANEOUS EXCLAMATIONS.

Exclamations, receivable in evidence as an exception to the general rule excluding hearsay testimony, must be made as the result of an occasion sufficiently startling to produce nervous excitement and render the utterance spontaneous and unreflecting, made before there has been time to contrive and misrepresent and must relate to the circumstances of the occurrence preceding it.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 7]   20 Am Jur, Evidence § 662.
[2]   20 Am Jur, Evidence § 668.
[3]   20 Am Jur, Evidence § 669.
[4]   38 Am Jur, Negligence § 333.
[5]   5 Am Jur, Automobiles § 659.
[6]   38 Am Jur, Negligence § 293.
[8]   5 Am Jur, Automobiles § 602.
[9]   41 Am Jur, Pleading §§ 313–315.
[10]   38 Am Jur, Negligence § 276.
[11]   41 Am Jur, Pleading § 114.

2. SAME — HEARSAY — SPONTANEOUS EXCLAMATIONS — ANSWER TO QUESTION PUT TO DECLARANT.

    The fact that the statement sought to be proved follows a question directed to the declarant does not of necessity indicate, under all circumstances, that such statement is not spontaneous but is a factor entitled to consideration, especially where it appears that the claimed exception to the hearsay rule was in fact a deliberate and considered answer to such question.

3. SAME—HEARSAY—BICYCLIST—STATEMENTS TO SON—LAPSE OF TIME.

    Refusal of trial court to consider statement made by plaintiff's decedent, a bicyclist westbound to work while it was still dark, that he had been riding on the pavement, that he saw lights coming, got off the pavement to allow the car or truck to pass, saw it was a truck, was struck a blow from behind, knew where he was, and that his arm was numb and right side was hurting him *held,* not error, where it does not appear how long a time had elapsed between the sustaining of the injuries and the conversation had between decedent and his son but it does appear that decedent was in possession of his mental faculties and understood the question directed to him and undertook to reply to it.

4. NEGLIGENCE — CIRCUMSTANTIAL EVIDENCE — CONJECTURE — INFERENCE.

    Negligence may be shown by circumstantial evidence if it is sufficient to take a case out of the realm of speculation and conjecture into the field of legitimate inference from established facts.

5. AUTOMOBILES—NEGLIGENCE—PROXIMATE CAUSE—EVIDENCE.

    Evidence failed to show plaintiff's decedent, a bicyclist, was injured as a result of any negligence on the part of driver of defendant's tractor and trailer, where it is not shown how the accident actually did occur, that defendant's equipment was ever off the pavement or the distance it had been driven from the edge.

6. NEGLIGENCE—PRESUMPTION OF DUE CARE BY DECEDENT—EVIDENCE OF NEGLIGENCE.

    Whether plaintiff administratrix was entitled to rely on the presumption that her decedent was in the exercise of due care is immaterial, where there is no testimony on which to predicate a finding of negligence on the part of defendant constituting a proximate cause of the injuries received by plaintiff's decedent.

7. Evidence—Hearsay—Statements to Policeman.

Statements by defendant's truck driver, made to policeman for purposes of a report of accident involving plaintiff's decedent, were properly excluded as hearsay on defendant's objection, where not offered for purposes of impeachment, since it was not a part of the *res gestae.*

8. Automobiles—Pleading—Amendment—Answer—Admissions.

It was not error for trial court to refuse to strike defendant's answer denying averment in plaintiff's amended declaration that defendant's vehicle ran into plaintiff's decedent with great force and violence, where even if such averment were to be admitted it would not establish defendant's negligence nor decedent's freedom from contributory negligence (Court Rule No 23, § 2 [1945]).

9. Pleading—Construction of Amendments.

An amendment to a declaration must be construed in connection with the averments of the declaration originally filed and the defendant's answer to such amendment must be read in connection with the prior answer then on file, to the form and substance of which no objection had been made (Court Rule No 23, § 2 [1945]).

10. Same—Denial of Negligence—Proximate Cause.

It is not incumbent upon a defendant who denied all allegations of negligence and denied that its equipment inflicted injuries resulting in death of plaintiff's decedent to set forth in its pleading its claim as to how such injuries were sustained.

11. Same—Sufficiency of Answer—Discretion of Court.

The sufficiency of the answer of a defendant in a tort case rests within the sound discretion of the trial judge.

Appeal from Jackson; Boardman (Harry D.), J. Submitted January 6, 1954. (Docket No. 14, Calendar No. 45,871.) Decided April 5, 1954.

Case by Ida Holtz, as administratrix of the estate of Robert Holtz, Sr., against L. J. Beal & Son, Inc., a Michigan corporation, for injuries to her decedent in traffic accident. Judgment of no cause of action at close of plaintiff's proofs. Plaintiff appeals. Affirmed.

*Theodore Van Dellen* and *Kelly & Kelly,* for plaintiff.

*Rosenburg, Painter & Davidson,* for defendant.

CARR, J.  Plaintiff brought this action to recover damages resulting from injuries suffered by her decedent in a traffic accident.  Insofar as the facts are shown by the record they are not materially in dispute.  On October 21, 1948, about 6 o'clock in the morning, decedent left his home on US–12 to go to his work in Albion, riding a bicycle on or along the north side of the pavement in a westerly direction.  It was dark at the time and the bicycle carried a head lamp in front and a reflector on the rear fender.  A short time after decedent left his home, and when he had reached a point approximately 1,000 feet therefrom, he was found sitting on the north shoulder of the road.  His bicycle, which was not damaged in any way, was lying beside him.  At that time defendant's tractor and trailer were standing on the north half of the pavement, headed west.

A witness produced by plaintiff testified that as he approached from the west the driver of defendant's equipment signalled him to stop.  The witness did so.  Over objection by defendant's counsel he was permitted to testify that the driver stated that he had "hit somebody or something," followed by a request that the witness direct the lights of his automobile along the north side of the road.  Mr. Holtz was then discovered sitting on the ground beside his bicycle.  His son, who lived in the neighborhood, was advised that his father had been injured and came immediately to the scene.  After some conversation between father and son as to what had occurred, Mr. Holtz was placed in an automobile and taken to a hospital.  It is in evidence that he

rose to his feet with some assistance from his son, and that he walked to the car. Bronchial pneumonia resulting from physical injuries caused his death 2 days later.

At the conclusion of plaintiff's proofs on the trial in circuit court defendant moved for judgment on the ground that negligence on the part of its driver, constituting the proximate cause of the injuries sustained by plaintiff's decedent, had not been shown, and that plaintiff had failed to establish freedom from contributory negligence on the part of Mr. Holtz. The motion was granted, the trial judge expressing the opinion that the proofs submitted did not justify recovery. Plaintiff has appealed, claiming that certain prejudicial errors occurred in the course of the proceeding and that a new trial should be granted.

Decedent's son, Robert Holtz, Jr., was called as a witness in plaintiff's behalf and was asked to detail the conversation that he had with his father with reference to the cause of the latter's injuries. It was plaintiff's claim that the statements made by the father were a part of the res gestae and that the proffered testimony was competent on that theory. The trial court sustained defendant's objection and excluded the conversation as hearsay, but permitted the witness to testify on a separate record. On behalf of plaintiff it is argued that such testimony should have been considered by the trial judge in the determination of the case.

The admissibility of testimony as to statements made, relating to a past transaction, by one presumably familiar with the facts, has been considered by this Court in a number of prior decisions. In Rogers v. Saginaw-Bay City Railway Co., 187 Mich 490, where the facts involved were analogous to those in the case at bar, it was said:

"That the statement of decedent to his son—the only evidence in the case—is hearsay evidence of the fact asserted, is, from its very nature, indisputable. The only question we must decide is whether the trial judge was right in saying that it did not come within any exception to the rule excluding hearsay evidence as incompetent. It is the contention of the plaintiff that it does come within that exception which permits unsworn statements that are spontaneous exclamations to be received. But what is the basis of that exception, and what the nature of those statements? The exception is based upon the fact that such exclamations, by virtue of their origin, have a peculiar trustworthiness. It is well established by the authorities that the only conditions upon which such statements will be allowed in evidence are (1) that there is a startling occasion, startling enough to produce nervous excitement, and render the utterance spontaneous and unreflecting; (2) that the statement must have been made before there has been time to contrive and misrepresent; and (3) the statement must relate to the circumstances of the occurrence preceding it. 3 Wigmore on Evidence (1st ed), § 1750 et seq."

Of like import are *McAvon* v. *Brightmoor Transit Co.,* 245 Mich 44, and *Sexton* v. *Balinski,* 280 Mich 28. The general rule recognized in the *Rogers Case, supra,* has been quoted with approval and repeatedly followed. The fact that the statement sought to be proved follows a question directed to the declarant does not of necessity indicate, under all circumstances, that such statement is not spontaneous. It is, however, a factor entitled to consideration, especially where it appears that the claimed exception to the hearsay rule was in fact a deliberate and considered answer to such question.

In the case at bar the exact length of time between the suffering of the injuries by Mr. Holtz and the conversation between him and his son is not shown.

It is apparent from the record that Mr. Holtz was in possession of his mental faculties, that he understood the question directed to him, and that he undertook to reply to it. The separate record returned here discloses that he said in substance, after referring to the fact that his arm was numb and that his right side was hurting him, that he was riding on the pavement, that he saw the lights coming, that he got off the pavement to allow the car or truck to pass, that he saw that it was a truck, and that he was struck a blow from behind. His statements further indicate that he recognized where he was. Under the facts before us the conclusion follows that plaintiff failed to establish that the testimony in question was admissible as an exception to the hearsay rule. There was no error in the refusal of the trial court to consider it.

Appellant also claims that negligence on the part of the defendant is a matter of fair inference under the record. That negligence may be shown by circumstantial evidence is not open to question, if such evidence is sufficient to take a case out of the realm of speculation and conjecture into the field of legitimate inference from established facts. See *C. O. Porter Machinery Company* v. *Coleman,* 329 Mich 8, and prior decisions there cited. Such a situation is not presented in the instant case. The manner in which Mr. Holtz received his injuries is not shown. The fact that the bicycle was not damaged is some indication that he was not struck by the front of the tractor. It is plaintiff's theory, as we understand it, that he might have been injured by coming in contact with a sack or sacks of cement with which the trailer was loaded. Testimony was offered on the trial to the effect that such sacks projected from 4 to 6 inches beyond the side of the trailer. There is no proof that defendant's equipment was at any time off the pavement, nor is it shown how far it was

being driven from the edge. No testimony was offered as to the condition of the shoulder. If we assume that some part of defendant's equipment, or the load on the trailer, came in forcible contact with Mr. Holtz, the cause of such impact cannot be determined on this record. Plaintiff's theory in this respect, the possibility that Mr. Holtz was not riding in a straight line, that he lost his balance because of the condition of the shoulder of the road or for some other reason, that he ran into or against defendant's equipment, or that he was thrown against it, are all conjectural and speculative. In view of the situation, negligence on the part of the defendant, constituting the proximate cause of the injuries sustained by Mr. Holtz, may not reasonably be inferred.

The driver of defendant's tractor was not called as a witness in the case although he was in the courtroom during the trial. On behalf of plaintiff it is insisted that he was not an eyewitness as to the manner in which Mr. Holtz was injured. As before noted, a witness for plaintiff testified, over objection, to a statement by the driver to the effect that he had struck "something or somebody." On behalf of defendant it is insisted that the testimony was open to objection on the ground that the driver could not bind defendant by any statement that he might make, that under the circumstances such statement was not a part of the *res gestae,* that in consequence the objection should have been sustained, and that the testimony should have been stricken out on subsequent motion. The matter does not require extended consideration. There being no testimony on which to predicate a finding of negligence on the part of the defendant constituting a proximate cause of the injuries received by Mr. Holtz, whether plaintiff was entitled to rely on the presumption that

he was in the exercise of due care for his own safety is immaterial.

A police officer of the city of Albion testified on behalf of plaintiff that he had a conversation with the driver of defendant's equipment, and that the latter made a statement for the purposes of a report. The witness was then asked to detail the conversation. Objection was interposed on the ground that the statements of the driver to the officer were hearsay and not binding on defendant. The trial judge concluded that the testimony should not be received because it was in effect an attempt to get into the record the contents of the report. In any event it was incompetent for the reason that it was, as to defendant, merely hearsay. A similar question arose in *Mott* v. *Detroit, Grand Haven & Milwaukee Railway Co.,* 120 Mich 127. It was there held that an employee of the defendant could not, under the well-settled rule in this State, make admissions binding upon his employer. No claim is made in the instant case that the testimony was offered for purposes of impeachment. It was not substantive proof of the facts that the driver may have detailed to the officer. *Butler* v. *Detroit, Ypsilanti & Ann Arbor Railway,* 138 Mich 206, 210. The statement sought to be introduced was not a part of the *res gestae. Bernard* v. *Grand Rapids Paper Box Co.,* 170 Mich 238 (42 LRA NS 930); *Sheathelm* v. *Consumers Power Co.,* 280 Mich 106. The testimony was open to objection, and there was no error in its exclusion.

The declaration as originally filed by plaintiff alleged that Mr. Holtz was in the exercise of due care for his own safety in the operation of his bicycle, that the driver of defendant's equipment was charged with the observance of certain duties in operating it on the public highways, and that he failed to observe such duties. The answer admitted the operation of defendant's equipment by its driver

and also admitted that Mr. Holtz was riding his bicycle in a westerly direction on US–12, but denied the allegations as to the exercise of due care on his part. The answer further denied that the alleged duties on the part of the defendant and its driver were applicable to the facts and circumstances involved in the case, and that defendant was chargeable with any negligence resulting in injuries to Mr. Holtz. It was affirmatively alleged that Mr. Holtz was operating his bicycle in a careless and negligent manner, and that the accident claimed by plaintiff resulted therefrom. On the trial of the case attention of the court was directed to the fact that the declaration did not in specific terms allege that Mr. Holtz was struck by defendant's tractor or by any part of its equipment. On leave granted, and over the objection of counsel for defendant, plaintiff was permitted to file an amendment to the declaration alleging in substance that defendant's vehicle did "run into, against, and upon plaintiff's decedent with great force and violence." To such amendment defendant filed a denial of the allegations therein contained. Objection was made on behalf of plaintiff to such answer, it being the position of counsel that the burden rested on defendant, in answering the amendment, to set forth its claim as to how the injuries to Mr. Holtz occurred.

The trial judge overruled the objection and refused to strike the answer, concluding that it was not insufficient under Court Rule No 23, § 2 (1945). On appeal it is insisted that such ruling was erroneous, that plaintiff was entitled to have the averments of the amendment to the declaration regarded as admitted, and further that with such admission plaintiff was entitled to judgment. We are not in accord with such claim. If the allegations of the amendment to the declaration as to defendant's equipment striking Mr. Holtz were regarded as ad-

mitted, the conclusion would not follow from such fact, standing alone, that defendant's driver was guilty of actionable negligence and that Mr. Holtz was free from contributory negligence. However, without reference to the force and effect to be given, the claimed admission, had there been such, we find that the trial court properly disposed of the objection and the motion to strike. The amendment submitted by plaintiff must be construed in connection with the averments of the declaration as originally filed, and likewise defendant's answer to such amendment must be read in connection with its prior answer then on file, to the form and substance of which no objection was made.

Having denied any and all allegations of negligence, and having further denied that its equipment inflicted on Mr. Holtz the injuries that resulted in his death, it was not incumbent on defendant to set forth in its pleading its claim as to how such injuries were sustained. *Detroit Trust Co.* v. *Hockett,* 278 Mich 124, cited by appellant, involved a situation wholly different than is here presented. There suit was brought to enforce an alleged stockholders' liability on the part of the defendant. Plaintiff charged in its pleading that a certain transfer of shares of stock in the Guaranty Trust Company had been made to hinder, delay and defraud creditors in violation of the statute, and with knowlledge on the part of the defendant of the insolvency of the corporation issuing the stock. The answer did not undertake to set forth details of the transfer that the defendant had admittedly made, but merely denied that she was liable to or indebted to the plaintiff. In view of the nature of the controversy and the claim set forth by the plaintiff in its pleading, this Court expressed the opinion that the answer was open to objection, but declined to pass on it specifically because not raised in the appellant's

brief. In *Miller* v. *General Motors Corp.*, 279 Mich 240, it was held that the trial court did not abuse its discretion in directing the filing of an answer not limited to mere denials. Without discussing the facts in detail, it is sufficient to say that the situation differed materially from that in the case at bar. It may be noted, also, that the Court there said (p 244):

"There can be no specific formula set forth as to what the answer should contain in a denial in a tort case and the sufficiency of the answer largely must rest within the sound discretion of the circuit judge."

In the instant case there was no abuse of discretion on the part of the trial court.

We find no error in the case prejudicial to plaintiff and the judgment of the trial court in defendant's favor is affirmed.

BUTZEL, C. J., and BUSHNELL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.