ESCOTT v. LOCKE

EVIDENCE—RES GESTAE—HEARSAY—AUTOMOBILES.
A statement by the plaintiff driver of an automobile made immediately prior to an accident and heard by his passenger is admissible in evidence within the *res gestae* exception to the hearsay rule where the impending collision was a startling event, the timing of the statement was such as to eliminate the possibility of contrivance or misrepresentation and the statement went to the issue of causation of the accident.

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 May 13, 1970, at Lansing. (Docket No. 6,857.) Decided July 27, 1970. Leave to appeal denied October 15, 1970. 384 Mich 766.

Complaint by Reginald Escott against Mildred Locke and Robert Merkle for injuries from an automobile-truck collision. Verdict of no cause of action. Plaintiff appeals. Reversed and remanded.

REFERENCES · FOR POINTS IN HEADNOTE
8 Am Jur 2d, Automobiles and Highway Traffic § 971.
Admissibility as res gestae of statements or exclamations relating to cause of, or responsibility for, motor vehicle accident. 53 ALR2d 1245.

*Ripple & Chambers (Sanford L. Steiner,* of counsel), for plaintiff.

*Eggenberger, Eggenberger, McKinney & Weber,* for defendants.

Before: LESINSKI, C. J., and DANHOF and SNOW,\* JJ.

SNOW, J. Plaintiff appeals from a jury verdict of no cause of action against defendant Merkle, the driver, and defendant Locke, the owner, of a flat-bed truck which collided with plaintiff's taxicab at the intersection of Ryan Road and Eight Mile Road in the City of Warren. The case is essentially determined by the factual question of which driver went through a red light at the intersection; each driver testified that it was the other one who negligently entered the intersection.

There were no other witnesses who actually observed the accident. Consequently, the jurors' determination rested on the credibility accorded the testimony of each driver. However, plaintiff sought to introduce his statement made immediately prior to the accident and heard by his passenger. After a hearing outside the presence of the jury, the trial court would not allow the statement into evidence within the *res gestae* exception to the hearsay rule. The transcript reveals that, if allowed to testify, the passenger would have quoted the driver as saying, "Oh, my God, he is going through the red light!" We agree with the plaintiff that the trial court's failure to permit this statement into evidence was error which seriously prejudiced his case; we cannot say the jury verdict would necessarily have been

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

identical had it been permitted to hear this witness's entire testimony.

Defendants argue that the location of this statement in time prior to the accident, rather than after,[1] makes it inadmissible under the exception. We believe it meets the often-repeated test established by the Michigan Supreme Court in *Rogers* v. *Saginaw-Bay City Railway Co.* (1915), 187 Mich 490.[2] The impending collision was certainly a startling event, and the timing of the statement was such as to eliminate the possibility of contrivance or misrepresentation.

---

[1] There is no question that had the statement been one made by the plaintiff immediately after the accident, it would have been admissible under the *res gestae* exception. See, *e.g.*, *Carter* v. *C. F. Smith Co.* (1938), 285 Mich 621 where the Supreme Court reversed the decision of the trial court excluding defendant driver's statement immediately after the accident as to how he thought the accident had occurred; *Froman* v. *Banquet Barbecue, Inc.* (1938), 284 Mich 44 (deceased's statement immediately after injury admissible); *Martin Parry Corp.* v. *Berner* (1932), 259 Mich 621 (witness could testify as to plaintiff's statement immediately after accident while injured); *Rice* v. *Jackson* (1965), 1 Mich App 105 (witness could testify as to statement of defendant's employee during fire); *Grassi* v. *Austerberry* (1967), 6 Mich App 690 (police officer could testify as to defendant's statement immediately after accident). It is significant that in all these cases, just as in the one before us now, the hearsay went to the issue of causation. Where the contemporaneous statement is self-serving or not related to causation (*e.g.*, ownership of the motor vehicle involved), the statement is less likely to be admissible. *McAvon* v. *Brightmoor Transit Co.* (1928), 245 Mich 44; *Sexton* v. *Balinski* (1937), 280 Mich 28. Another important factor in the cases allowing the hearsay statements is the closeness in time to the accident. While the above cases involve statements *immediately* after, the statement in issue here is *immediately* before, not distant in time. *Holtz* v. *L. J. Beal & Son, Inc.* (1954), 339 Mich 235.

[2] "The exception is based upon the fact that such exclamations, by virtue of their origin, have a peculiar trustworthiness. It is well established by the authorities that the only conditions upon which such statements will be allowed in evidence are (1) that there is a startling occasion, startling enough to produce nervous excitement, and render the utterance spontaneous and unreflecting; (2) that the statement must have been made before there has been time to contrive and misrepresent; and (3) the statement must relate to the circumstances of the occurrence preceding it." 187 Mich at pp 493, 494.

In addition, in early cases the Michigan Supreme Court has found permissible the introduction into evidence of hearsay statements made immediately prior to an accident. In *Smith* v. *Detroit United Railway* (1909), 155 Mich 466, where a witness stated that plaintiff's husband called out "Hang on" just as a streetcar started, injuring the still-alighting wife, the Court said: "We think it admissible as part of the *res gestae*. It was an instinctive exclamation, made immediately as the car started, called out by the apprehended danger of an accident to his wife, by reason of the starting of the car." 155 Mich at 474. See also, *Stebbins* v. *Keene Township* (1885), 55 Mich 552, finding the statement of the plaintiff immediately before the accident part of the *res gestae*. Contrary to defendants' position in this case, we believe "an utterance may be more truly a part of the *res gestae* when made concurrently with some condition entering immediately into the circumstances of the accident." *Ewing-Von Allmen Dairy Co.* v. *Fowler's Ex'r.* (1950), 312 Ky 547, 549 (228 SW2d 449, 450).[3]

Reversed and remanded for a new trial.

All concurred.

---

[3] Other states have also admitted statements made under circumstances substantially similar to the present case. See *e.g.*, *Schwam* v. *Reece* (1948), 213 Ark 431, (210 SW2d 903); *Moreno* v. *Hawbaker* (1958), 157 Cal App 2d 627, (321 P2d 538); *Merchants Company* v. *Hutchinson* (Miss, 1966), 186 So 2d 760; *Houston Contracting Company* v. *Atkinson* (Miss, 1964), 168 So 2d 797; *Stanley* v. *Bowen Brothers* (1951), 96 NH 467 (79 A2d 1); *Claybrook* v. *Acreman* (Tex Civ App, 1963), 373 SW2d 287; *Miller* v. *Wyrick* (Tex Civ App, 1936), 96 SW2d 253; *Gerbing* v. *McDonald* (1930), 201 Wis 214 (229 NW 860).