PEOPLE *v.* HUNGATE

1. EVIDENCE — HEARSAY — SPONTANEOUS STATEMENT — ANSWER TO QUESTION.

    The fact that a statement sought to be proved follows a question directed to the declarant does not of necessity indicate, under all circumstances, that the statement is not spontaneous, but it is a factor entitled to consideration, especially where it appears that the claimed exception to the hearsay rule was a deliberate and considered answer to the question asked.

2. EVIDENCE—HEARSAY—RES GESTAE—LEADING QUESTIONS.

    Answers to leading questions under *res gestae* rules do not make the testimony *per se* inadmissible but is simply another factor to be considered in deciding whether there is circumstantial probability of trustworthiness in the situation as a whole.

3. EVIDENCE—HEARSAY—RES GESTAE—ADMISSIBILITY.

    Trial judge must be given considerable leeway of decision as to whether a statement is admissible as a *res gestae* exception to the hearsay rule as being spontaneous, excited or impulsive or whether it was the product of reflection and deliberation because the attempt to reconstruct the state of another's mind and emotions as of a moment in the past is so complex and individualized a judgment.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 30 Am Jur 2d, Evidence §§ 708, 722, 731.
[4] 1 Am Jur 2d, Abortion § 21.

4. HOMICIDE—MANSLAUGHTER BY ABORTION—EVIDENCE—HEARSAY—
   STARTLING EVENT—SPONTANEOUS STATEMENT.

> Trial judge did not abuse his discretion in allowing statements
> in evidence as an exception to the hearsay rule, over defend-
> ant's objections, where the decedent was allegedly given an
> abortion by defendant and, in response to a question by her
> companion made a few minutes after leaving defendant's office,
> she stated she was finally relieved because she had had an
> abortion; as there was sufficient and credible evidence to
> support the finding that a startling event occurred in defend-
> ant's office and that the statements were spontaneous and made
> before there was time to contrive or misrepresent.

Appeal from Washtenaw, William F. Ager, Jr., J. Submitted Division 2 October 15, 1970 at Lansing. (Docket No. 7,451.) Decided October 28, 1970. Leave to appeal denied January 14, 1971. 384 Mich 796.

Clarence Hungate was convicted of manslaughter by abortion. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Casper H. Kast,* Chief Assistant Prosecuting Attorney, for the people.

*Daines, Bell & Novelli,* for defendant on appeal.

Before: QUINN, P. J., and V. J. BRENNAN and ZIEM,* JJ.

QUINN, P. J. On April 22, 1969, a jury convicted defendant of manslaughter by abortion[1] and he was sentenced. Mabel Ann Haukins, single and preg-nant, was allegedly given an abortion by the defend-ant and as a result thereof died on December 6, 1968. Cause of death, according to the people's witnesses, was septic abortion with complications.

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 750.14 (Stat Ann 1962 Rev § 28.204).

On appeal, defendant contends that the trial court erred in admitting into evidence, over objection, the hearsay testimony of witness Marjorie Lampere, as a *res gestae* exception to the hearsay rule.

Marjorie Lampere was deceased's roommate. She testified in substance, that she accompanied Mabel Ann Haukins to defendant's office which they entered and where they remained a little over half an hour. When they left, Mabel Ann sat behind the steering wheel. The prosecutor asked: "What did Mabel Ann Haukins say at that time?" Defendant's hearsay objection was sustained. Later in the trial the prosecutor recalled witness Lampere for the purpose of determining what was said.

Defendant again objected an after a hearing in the absence of the jury, the court ruled that there was circumstantial evidence as to a startling occurrence which resulted in nervous excitement, and that deceased's statements were spontaneous, without reflection, and with no time for misrepresentation or contrivance. Over continuing objection, the court admitted into evidence the following pertinent testimony. A voluntary utterance by deceased to Miss Lampere, "I am so happy." Miss Lampere, "Why?" "I am finally relieved." "Why?" "I've had an abortion."

Defendant contends that the declarant knew where she was, that enough time had elapsed for her mental processes to be properly functioning, the statement was not spontaneous, but solicited and was a reply to a question.

The fact that the statement sought to be proved follows a question directed to the declarant does not of necessity indicate, under all circumstances, that the statement is not spontaneous, but it is a factor entitled to consideration, especially where it appears

that the claimed exception to the hearsay rule was in fact a deliberate and considered answer to such a question. *Holtz* v. *L. J. Beal & Son, Inc.* (1954), 339 Mich 235.

Answers to leading questions under *res gestae* rules do not make the testimony *per se* inadmissible. It is simply another factor to be considered in deciding whether there is circumstantial probability of trustworthiness in the situation as a whole.

The decisive question is whether the statement was spontaneous, excited or impulsive, or was it the product of reflection and deliberation? The attempt to reconstruct the state of another's mind and emotions as of a moment in the past is so complex and individualized a judgment that the trial judge must be given considerable leeway of decision. McCormick, Evidence, § 272, p 580.

In the instant case, foundation testimony established that Mabel Haukins was a pregnant woman and that her death was caused by an infected miscarriage (septic abortion). Considerable circumstantial evidence related the deceased with a startling event on the day in question. The deceased had made two previous trips to defendant's office under unusual circumstances. The testimony of Miss Lampere concerning the visit to defendant's office with its loud radio music and deceased being called by defendant through a curtain into an inner office creates reasonable suspicion of defendant's involvement and the possibility of a startling occurrence. Miss Lampere's testimony that Mabel Haukins was seriously sick, lying on a couch, vomiting blood and bleeding, after the office call is also persuasive. The statements to Miss Lampere were made only a few minutes after the girl left defendant's office.

There is sufficient and credible evidence to support the finding that a startling event occurred in de-

fendant's office and that the statements were spontaneous and made before there was time to contrive or misrepresent. We find no abuse of discretion on the part of the trial judge in allowing declarant's statements into evidence as an exception to the hearsay rule.

Affirmed.

All concurred.