ALVIN THOMAS *versus* ALBERT B. MAYO.

Chapter 152 of the Public Laws of 1868, providing that waivers of demand and notice, by an indorser of notes and bills, shall be in writing and signed, in order to be valid, is prospective in its operation.

ON REPORT.

KENT, J. — The defendant promised to pay the note on which he was indorser, in a short time, if the plaintiff

would wait upon him. Plaintiff did wait several years before instituting this suit. At the time of the promise, in 1863, the defendant knew that no notice of a demand and refusal had been given, and that, therefore, he was not legally bound to pay.

"A promise to pay, with full knowledge of all the facts, would bind the indorsers, although there had been no legal demand or notice." *McPhetres* v. *Halley*, 32 Maine, 77 ; *Byram* v. *Hunter*, 36 Maine, 217 ; Story on Bills, § 274.

That this is the doctrine of the common law does not seem to be disputed by the counsel for the defendant. But he invokes the recent statute of the State Laws of 1868, c. 152, which enacts that " hereafter, no waiver of demand and notice within this State, by an indorser of any promissory note, or bill of exchange, shall be valid, unless the same shall be in writing, signed by such indorser or lawful agent."

It is unnecessary to consider the question, whether the above provision applies to a case of a subsequent promise to pay after knowledge of a legal release. The statute, in express terms is made prospective and cannot affect the rights of parties under antecedent agreements, amounting to a legal promise to pay.     *Defendant defaulted.*

APPLETON, C. J., WALTON, BARROWS and DANFORTH, JJ., concurred.

*N. H. Hubbard*, for the plaintiff.

*C. H. Pierce*, for the defendant.