# WILLIAM H. CLEVELAND v. CHARLES NEWSOM.

*Liability of master for servant's negligence in driving — Res gestæ—Judicial notice as to frequent use of street.*

Where a boy who had driven against a foot passenger on the street immediately stopped his horse and came back and said he did not mean to, the fact was *held* to be as much a part of the *res gestæ* as an exclamation would be if made at the moment of the accident.

Where a servant, while on an errand for his master, drove against a foot passenger, it was *held* that the plaintiff in an action for the injury had the burden of showing that the servant was not engaged in the course of his employment, but was driving around for pleasure.

A master is liable for an injury done by his servant in the course of his employment, where the latter acted carelessly and recklessly and in negligent disregard of his master's instructions, but not if the injury was wanton, willful and intentional. Recklessness is only a high degree of negligence, and the master's responsibility is not affected by the degree.

It is not necessarily negligence to walk in the traveled part of a city street if it is not shown that it is usually so occupied with teams as to make foot travel imprudent.

A court cannot take take judicial notice as to how much a particular city street is used.

Error to Lenawee. Submitted October 29. Decided November 10.

CASE. Defendant brings error. Affirmed.

*Hadley & Goff* for plaintiff in error.

*Millard & Bean* for defendant in error.

COOLEY, J. Newsom sued Cleveland to recover for an injury received by plaintiff in being run over by a horse of defendant, driven by a boy, who, it was alleged, was at the time in defendant's employ. The evidence tended to show that the plaintiff was walking along in the public highway, when the boy drove up behind him in a sleigh, and called out to another boy, " Shall I run over him ?" or perhaps, as one

witness says, "Will I run over him?" and before plaintiff could get out of the way, he was struck by one of the thills to the sleigh and injured. Plaintiff testified that he had not heard the vehicle coming until the boy called out. After the plaintiff was struck, the boy stopped the horse and came back and said he did not mean to do it. Proof of this last fact was objected to, but received. The evidence that the boy was in the employment of the defendant at the time was from witnesses who testified that he was on an errand to a cooper shop to get butter tubs for defendant, but whether he was on the direct route to or from the shop was not shown.

1. There was no error in receiving in evidence the statement of the boy that he did not mean to run over the plaintiff. It was made immediately after the collision, and as nearly as possible at the same time. It was as much a part of the *res gestæ* as would have been an exclamation at the very instant the plaintiff was struck. *Hyatt v. Adams* 16 Mich. 180; *People v. Pitcher* 15 Mich. 397; *Lambert v. People* 29 Mich. 71.

2. The evidence that the boy was acting in his employment at the time was ample. It is suggested that he might have been driving about for his own pleasure, away from the road to the cooper's shop, but the court or the jury could not assume this without evidence. The proofs showed an employment and an act done or being done in the course of the employment; and if the defense proposed to raise any question of his having departed from the employment for his own pleasure or on his own business, it was necessary that they take the burden of showing the fact.

3. The defense insisted that the evidence showed that the injury was purposely inflicted; and the defendant himself was examined as a witness to show that he took pains to give the boy such directions as if obeyed would have precluded any such occurrence. The defense then requested the court to charge that the liability of the master does not ensue when the servant has intentionally or recklessly stepped aside from his employment to commit a tort, which the master neither directed in fact, nor could be supposed, from the nature of

the employment, to have authorized or expected the servant to do. This instruction the judge refused to give, but instructed the jury instead that if the boy "drove in a careless and reckless manner, he would be acting within the scope of his master's employment; but that if he wantonly, wilfully and intentionally run over the plaintiff, he would not be acting within the scope of his master's authority. But if he carelessly, unintentionally and accidentally run over the plaintiff, then the plaintiff should recover."

This instruction was all the defendant could reasonably ask. It stated the law correctly and fairly. If it was a case of intentional injury, defendant was not responsible. If it was a case of negligent disregard of the master's instructions whereby the injury occurred, the defendant was responsible. Recklessness is only a high degree of negligence, and the degree has nothing to do with the master's responsibility.

4. The defense requested instructions that defendant was not liable if the plaintiff was guilty of any degree of contributory negligence. The judge gave instructions somewhat different from those requested, but we do not think the case called for them. There was no evidence of contributory negligence. The plaintiff was walking in the public highway; and unless this of itself was negligence, his right of. action was undoubted. It is true the highway was a city street; but it was not shown that it was commonly so occupied with teams as to make foot travel imprudent. We cannot take judicial notice how much a particular city street is used. Many public ways in the country are as much used as some city streets.

We find no error in the record and the judgment must be affirmed with costs.

The other Justices concurred.