[No. 599.  Decided December 30, 1892.]

REALTY COMPANY, *Respondent*, v. THERON APPOLONIO, *Appellant*.

FOREIGN CORPORATIONS — RIGHT TO BUY AND SELL LAND — CONSTRUCTION OF STATUTE.

Under the Laws 1889–90, p. 288, a foreign corporation organized prior to the passage of the act of March 28, 1890, does not fall within the prohibition expressed in that law against such corporations transacting the "business of buying and selling land, and dealing in real estate, and carrying on a brokerage business therein in this state."

*Appeal from Superior Court, King County.*

*Gale, Fay & Henderson ( C. H. Gest*, of counsel ), for appellant.

*Struve & McMicken*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.— It seems to us that the provisions of chapter 9 of the laws of 1889–90 are so plain that they leave little room for construction.  While there is some ambiguity and awkwardness in the recital of the powers of foreign corporations in the proviso to § 1, there is no ambiguity in the statement that it is only foreign corporations hereafter organized which fall within the proviso.  Were it not for the proviso, there would be no discrimination in § 1 between foreign and domestic corporations.  At least there would be no inhibition on foreign corporations.

While it is true that there was an inhibition under the laws of the territory, namely, the laws of 1885–6, we think there is nothing in the act of March 28, 1890, to indicate that the legislature intended to enlarge the prohibition against foreign corporations, or to carry forward those already in existence.  This was the first legislation on the subject under the state constitution.

It does not seem in any sense to be in the nature of an amendment to prior laws, but rather seems to be an independent declaration of the law governing this character of corporations, complete within itself.

The first part of the section gives full and equal powers to corporations, domestic and foreign, and the proviso is that "no foreign corporation which is hereafter organized, which has among its other powers the business of dealing in real estate, etc., shall be permitted to transact such business of buying and selling," etc. The act repeals all acts and parts of acts in conflict with any of the provisions of this act, so that if the contention of the appellant be true, that the provisions of the former territorial laws are in conflict with the provision of the later laws, those conflicting provisions are simply repealed by direct terms; and the fact that the conflicting provisions of the law were embraced in a proviso makes no difference, for a proviso can only be considered or construed with reference to the law immediately preceding it.

There is, of course, a possibility that the legislature may have intended to carry forward the policy contended for by appellant, but the law as enunciated by the legislature does not warrant such a conclusion, and in the absence of ambiguity in the legislative expression, the court would not be warranted in searching for a meaning which was not justified by the plain language of the law. There is nothing ambiguous in this law; there is nothing contradictory in its terms. It expresses purely a question of legislative policy, and there is nothing which would justify the court in giving it other than a literal interpretation.

It is conceded that this corporation was organized prior to the passage of the act of March 28, 1890, consequently, we conclude that it does not fall within the prohibitions expressed within that law.

We have examined the other propositions discussed by

appellants, but do not think the position taken on any of them is tenable.

The judgment is, therefore, affirmed.

ANDERS, C. J., and HOYT, STILES and SCOTT, JJ., concur.