CARTER *v.* C. F. SMITH CO.

1. APPEAL AND ERROR—JUDGMENT NOTWITHSTANDING VERDICT—EVIDENCE.

   On plaintiff's appeal from judgment for defendant notwithstanding verdict for plaintiff the testimony must be viewed in the light most favorable to plaintiff.

2. NEGLIGENCE—DEFINITION.

   Negligence is that failure to use that reasonable care and caution which an ordinarily prudent man would use under like or similar circumstances.

3. SAME—PEDESTRIAN CROSSING A STREET—DUE CARE.

   A pedestrian seeking to cross a street must make reasonable use of his senses of sight and hearing.

4. AUTOMOBILES—PEDESTRIANS—EQUAL RIGHTS IN STREETS.

   The rights of pedestrians and motorists in the use of public streets and highways are substantially the same and each must use them with due regard for the rights of the other.

5. SAME—PEDESTRIANS—CROSSING STREET—NEGLIGENCE AS MATTER OF LAW.

   A pedestrian, attempting to cross a busy street, who waits for traffic coming one way to pass him, goes to middle of the street and waits for traffic coming from opposite direction to pass him is not guilty of negligence as a matter of law as he has a right to assume under such circumstances that a motorist will not run him down and will give proper warning signal of his approach.

6. SAME—PEDESTRIANS—CENTER OF STREET IN MIDDLE OF BLOCK—CONTRIBUTORY NEGLIGENCE.

   Pedestrian on east side of street and north of alley in middle of block who looked south to a traffic light and saw no northbound traffic, crossed to center of street without again looking south and was standing in center of street, waiting for southbound

traffic to clear after light had changed, when hit by defendant's truck as to the approach of which plaintiff had heard no warning sound, *held,* not guilty of negligence as a matter of law in standing in middle of street waiting for southbound traffic to clear.

7. EVIDENCE—RES GESTÆ—STATEMENT OF TRUCK DRIVER TO DISINTERESTED WITNESS.

  Exclusion of testimony of statement of defendant's truck driver, made to a disinterested witness, who saw driver emerge from cab in a pale, nervous and frightened state, as they were both running toward plaintiff who had been injured immediately before by defendant's truck, that ''I was coming out of the alley to make the turn and I didn't see him, and * * * the rear view mirror must have hit him'' *held,* reversible error, since it was admissible as part of the *res gestæ.*

8. SAME—RES GESTÆ STATEMENTS—CONDITIONS OF ADMISSION.

  The only conditions upon which statements made after the occurrence of an accident will be allowed in evidence as *res gestæ* are: (1) that there is a startling occasion startling enough to produce nervous excitement, and render the utterance spontaneous and unreflecting; (2) that the statement must have been made before there has been time to contrive and misrepresent; and (3) the statement must relate to the circumstances of the occurrence preceding it.

9. APPEAL AND ERROR—NEW TRIAL—IMPROPERLY EXCLUDED EVIDENCE—INADEQUATE VERDICT.

  Plaintiff, pedestrian who was seriously injured while standing in center of street in middle of block by defendant's truck, who claimed verdict given by jury was inadequate *held,* entitled to new trial where court erroneously excluded testimony by disinterested witness of statement made by defendant's truck driver immediately after accident while both were running toward plaintiff, as court cannot say verdict of jury would have been the same had the admissible testimony not been excluded.

Appeal from Wayne; Webster (Arthur), J. Submitted June 16, 1938. (Docket No. 73, Calendar No. 40,128.) Decided October 3, 1938. Rehearing denied November 10, 1938.

Case by William Carter against C. F. Smith Company, a Michigan corporation, for personal injuries

sustained when struck by defendant's truck. Verdict for plaintiff. Judgment for defendant *non obstante veredicto*. Plaintiff appeals. Reversed and new trial granted.

*Philip J. Neudeck*, for plaintiff.

*Howard Farrell*, for defendant.

POTTER, J. Plaintiff brought suit against defendant to recover damages for being struck by a motor vehicle belonging to defendant, driven by its employee. The accident happened on Linwood avenue, between Grand boulevard and Lothrop avenue. Plaintiff, who operated a garage and oil business on the east side of Linwood avenue, between Grand boulevard and Lothrop avenue, was, immediately prior to the accident, standing outside his place of business. His garage was north of and adjacent to an alley which intersects Linwood avenue in the center between Grand boulevard and Lothrop avenue. The accident occurred in the forenoon. Two automobiles on the west side of Linwood avenue locked bumpers. Plaintiff decided to assist the drivers on the opposite side of the street in disengaging their bumpers. He walked to the east curb of Linwood avenue, looked both north and south, saw the traffic light controlling traffic at Grand boulevard and Linwood avenue was red for Linwood traffic, that traffic was moving on the boulevard, and walked to a point in the center of the street between the two car tracks running north and south on Linwood avenue. While crossing the easterly half of the street, plaintiff did not look south and he reached the center of the street probably in less than two seconds. At the time he looked south, no motor vehicles were coming north on Linwood. No cars

were parked on the east side of Linwood. The light at the intersection above referred to changed and traffic on the west side of Linwood avenue was moving in a southerly direction. Plaintiff was on the lookout for southbound traffic. There was no noise to prevent his hearing a signal and he heard no horn or warning sound. While thus standing in the center of the street, he was struck by a truck operated by defendant's agent. There was ample room behind plaintiff for two cars to pass.

One Neilson, a disinterested witness, testified she was walking east along Lothrop avenue toward Linwood and took a short cut near the corner, toward Grand boulevard, and, having started along a path, heard a crash, looked in the direction of Linwood, saw the two cars together, saw defendant's truck just coming to a stop and a man climbing out, and plaintiff on the car tracks; that she ran toward the man lying on the car tracks; while so running met defendant's driver likewise running toward plaintiff; defendant's driver said "I was coming out of the alley to make the turn and I didn't see him, and * * * the rear view mirror must have hit him." The trial court, against plaintiff's objection, held this statement made by defendant's driver was not a part of the *res gestæ* and excluded it from the jury. The witness saw the truck while it was still in motion going up to the curb and saw the driver emerge therefrom pale, nervous and frightened.

Plaintiff's injuries were extensive. It is unnecessary, in view of the record, to consider them at this time. Plaintiff had verdict. The trial court entered judgment for defendant notwithstanding the verdict. In this, we think there was error.

(a) In the consideration of the case as it comes to us, the testimony must be viewed in the light

most favorable to plaintiff. Negligence is that failure to use that reasonable care and caution which an ordinarily prudent man would use under like or similar circumstances. A pedestrian seeking to cross a street must make reasonable use of his senses of sight and hearing. *Molda* v. *Clark,* 236 Mich. 277. The drivers of motor vehicles have no monopoly of the use of the streets and highways. The rights of pedestrians and of the drivers of motor vehicles in the use of public streets and highways are substantially the same. Each must use them with due regard for the rights of the other. A pedestrian attempting to cross a busy street or highway must frequently wait for traffic coming one way to pass him, then go to the middle of the street and wait for traffic coming from the opposite direction to pass him, and if he does so he is not guilty of negligence as a matter of law. *Bosma* v. *Daniels,* 250 Mich. 261. Such pedestrian has a right to assume that the driver of a motor vehicle will not run him down and that such motor vehicle driver approaching will give proper warning signal indicating his approach. *Reynolds* v. *Knowles,* 223 Mich. 70. Plaintiff was not guilty of negligence as a matter of law in standing in the middle of the street in question waiting for southbound traffic to clear.

(b)    We think the trial court was in error in excluding the testimony of the witness Neilson as to what the driver of defendant's truck said immediately after the accident.

In *Lambert* v. *People,* 29 Mich. 71, it was said:

"The prosecutor swore to being knocked down and robbed, and other witnesses who came up immediately, were allowed to testify that he then told them he had been robbed. It all occurred, according to the testimony, *within three minutes* of the time when the offense was committed. Such an im-

mediate complaint made of a crime of violence must be regarded as a part of the *res gestæ*."

In *Cleveland* v. *Newsom*, 45 Mich. 62, plaintiff, walking along the highway, was struck by a vehicle driven by a boy. After plaintiff was struck, the boy stopped the horse and came back and said he didn't mean to do it. The question was, whether such statement was admissible. It was said:

"There was no error in receiving in evidence the statement of the boy that he did not mean to run over the plaintiff. It was made immediately after the collision, and as nearly as possible at the same time. It was as much a part of the *res gestæ* as would have been an exclamation at the very instant the plaintiff was struck."

In *People* v. *Simpson*, 48 Mich. 474, defendant was convicted of murder and reviewed his conviction on exceptions before sentence, one of which was that the trial court was in error in permitting witness Trollope to testify as to declarations made by the deceased shortly after she received the injury. He testified he lived a block distant from the corner where the shooting occurred, on the opposite side of the street; that he was in the house when he heard the pistol shot in question and ran to the corner where he found a woman leaning against the fence; that he went over as quickly as he could and said to this woman "Who shot you, madam?" and she said it was John Simpson. All this occurred within a very few minutes after the shooting and while the injured person was still leaning upon the fence. It was said:

"Were these declarations contemporaneous with the shooting, and so connected with injury as to illustrate its character? The declaration of a per-

son wounded and bleeding, that the defendant had stabbed her, made immediately after the occurrence, though with such an interval of time as to allow her to go upstairs from her room to another room, was held admissible after her death as part of the *res gestæ. Commonwealth* v. *M'Pike,* 3 Cush. (57 Mass.) 181 (50 Am. Dec. 727). The present case resembles very closely *Lambert* v. *People,* 29 Mich. 71, where parties came up within three minutes after a robbery, and the complaint then made was held admissible as a part of the *res gestæ.*"

In *Joslin* v. *Grand Rapids Ice & Coal Co.,* 53 Mich. 322, plaintiff, driving along the street with a horse and buggy, was negligently run into by one of defendant's servants driving a team with an ice cart. It was said:

"The plaintiff, when upon the stand as a witness, against the defendant's objection, testified that when the accident occurred, and while he was trying to raise himself up out of the debris, he asked the driver of the cart what he meant, and then stated, 'The driver replied in rather an indifferent and insolent manner that he could not help it.' The statement and manner were both a part of the *res gestæ,* and proper."

*Keyser* v. *Railway Co.,* 66 Mich. 390, probably goes as far as any of the cases in Michigan. Perhaps it goes too far. It was there said:

"I think these statements of the engineer, made at the place where the accident occurred, and at the time he backed up the train and took the boy on, as to the circumstances and the reason he gave for the management of the engine and train in approaching the boy, and how he came to run upon him, were so connected with the acts complained of as to be-

come a part of the *res gestæ,* and the testimony was properly received.''

In *Styles* v. *Village of Decatur* (syllabus 15), 131 Mich. 443, it was held:

''Statements made by plaintiff immediately after the injury, to the effect that she must not be touched, and would have to straighten herself up little by little, are admissible as part of the *res gestæ.''*

In *Smith* v. *Railway,* 155 Mich. 466, plaintiff claimed to have been injured by reason of defendant's negligence in the operation of its cars. It was said:

''The testimony of an eyewitness as to what occurred, and what other passengers did, at the time of the accident was material as part of the *res gestæ,* and on the question of plaintiff's contributory negligence. It is within the reasoning of the rule laid down in *Holman* v. *Railway Co.,* 114 Mich. 208, and 11 Encyclopedia of Evidence, p. 391 *et seq.,* and notes.''

In *Johnson* v. *E. C. Clark Motor Co.* (syllabus 6), 173 Mich. 277 (44 L. R. A. [N. S.] 830), plaintiff was injured and it was held:

''What was said and done by plaintiff and his fellow workmen immediately before and at the time of the injury was competent; also testimony relating to the practice in carrying on the work.''

In *People* v. *Johnson,* 186 Mich. 516, Johnson was convicted of manslaughter in shooting one Laitila. The shooting occurred near a boarding house. The people in the boarding house who saw the flash of gunfire and heard the shooting rushed out to the scene. It was said:

"Over the objection of counsel that it was hearsay, they were allowed to testify what Mr. Laitila said about the shooting. The witnesses say this conversation occurred *within a few minutes* of the shooting. It was admitted upon the theory that it was part of the *res gestæ*. The doctrine of *res gestæ* is discussed at considerable length in *People* v. *Simpson,* 48 Mich. 474; *White* v. *City of Marquette,* 140 Mich. 310; *Gilbert* v. *Railroad Co.,* 161 Mich. 73, and the cases cited therein. We think these cases are authority for the admission of Mr. Laitila's statements as to the shooting."

In *Rogers* v. *Railway Co.,* 187 Mich. 490, it was said:

"It is well established by the authorities that the only conditions upon which such statements will be allowed in evidence are (1) that there is a startling occasion, startling enough to produce nervous excitement, and render the utterance spontaneous and unreflecting; (2) that the statement must have been made before there has been time to contrive and misrepresent; and (3) the statement must relate to the circumstances of the occurrence preceding it."

This quotation was approved in *Stone* v. *Sinclair Refining Co.,* 225 Mich. 344; *People* v. *Giovannangeli,* 231 Mich. 474, and is apparently based upon 3 Wigmore on Evidence (2d Ed.), § 1750 and subsequent sections. This rule is probably a correct abstract statement of the general principle governing testimony admissible as a part of the *res gestæ*. But plaintiff contends there was a startling occasion sufficient to produce nervous excitement upon the part of the driver of the truck, and sufficient to indicate his statement was spontaneous and unreflecting; that it was made only an instant after the accident occurred and that there had not been sufficient

time to permit the witness to contrive and misrepresent; that the statement related to the circumstances of the occurrence preceding it; and that, in any event, it was not such a statement as would have been made had the witness been contriving to excuse his own negligence, and he was entitled to place it before the jury.

In *Jolman* v. *Alberts*, 192 Mich. 25, plaintiff, in a buggy near the street curb, was struck by defendant's automobile and plaintiff injured. It was said:

"Plaintiff's husband testified that defendant said, in substance, that he would pay for having the buggy or 'the rig' repaired or fixed up. The court refused to strike out the testimony. The argument is that this statement could relate to no more than compromise, and it is against public policy to allow plaintiff to use it as an admission of liability. This statement, according to the testimony for plaintiff, was made *almost immediately* after the collision occurred. In the charge the court said the testimony was admitted as *res gestæ,* to understand the transaction, and that the jury should give it such weight as they thought it was entitled to. It does not appear that appellant asked for any instruction upon the point. The exception must be overruled."

In *Trent* v. *Pontiac Transportation Co., Inc.,* 281 Mich. 586, testimony as to what the driver of a bus said *immediately* after the accident at the time he was taking statements from the witnesses thereto was held admissible.

We think the testimony of the witness Neilson as to what the driver of the truck said just after the accident was admissible, and its exclusion by the trial court error.

(c) Plaintiff contends he is entitled to a new trial upon the ground the verdict was inadequate. We cannot say the verdict of the jury would have

been the same had the admissible testimony not been excluded.

Judgment reversed, with costs. New trial granted.

WIEST, C. J., BUSHNELL, SHARPE, CHANDLER, NORTH, and MCALLISTER, JJ., concurred. BUTZEL, J., took no part in this decision.