STRAUB *v.* ANDREWS.

1. AUTOMOBILES—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE.
In action under survival act for death of pedestrian who was standing 1½ to 4 feet east of center line of street 90 feet wide when struck by defendant's northbound car as it was driven near center line by defendant who passed several cars and saw decedent when but 4 to 6 feet away, trial court did not err in failing to find decedent guilty of contributory negligence as a matter of law (3 Comp. Laws 1929, § 14040).

2. DEATH—MEASURE OF DAMAGES—STATUTES.
Statute providing measure of damages for wrongful death and that all actions therefor "shall hereafter be brought only"

thereunder was prospective in operation and did not apply to action brought the day before such act became effective (Act No. 297, §§ 1, 2, Pub. Acts 1939).

3. Statutes—Prospective Operation.

> A statute is prospective only which expressly declares that it is not retroactive, as where it states it is to apply hereafter.

Appeal from Wayne; Webster (Clyde I.), J. Submitted June 12, 1940. (Docket No. 74, Calendar No. 41,185.) Decided October 7, 1940.

Case by Sabina C. Straub, administratrix of the estate of Charles W. Straub, Jr., deceased, against Alvin L. Andrews for damages under survival act. Judgment for plaintiff. Defendant appeals. Affirmed.

*Cary & De Gole,* for plaintiff.

*Burke & Burke,* and *Don Van Winkle (Louis E. Burke,* of counsel), for defendant.

Chandler, J. Plaintiff, as administratrix, brought this action under the survival act (3 Comp. Laws 1929, § 14040 [Stat. Ann. § 27.684]) to recover damages for the death of her decedent, which occurred on September 17, 1939, as a result of being struck by defendant's car while walking across Jefferson avenue in the city of Ecorse at about 9 o'clock p. m. of the previous day.

This action was instituted on September 28, 1939, one day prior to the effective date of Act No. 297, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 14061 *et seq.,* Stat. Ann. 1940 Cum. Supp. § 27.711 *et seq.).* The case was tried before the court without a jury, resulting in a judgment for plaintiff in the sum of $7,500.

On appeal, defendant contends that deceased was

guilty of contributory negligence, barring recovery.

Jefferson avenue, at the point where the accident occurred, is a wide thoroughfare, some 90 feet in width, having five traffic lanes on each side of the center line, one lane on each side, nearest the curb, being used for parking purposes. The deceased was first seen standing between 1½ and 4 feet east of the center line and nearly directly opposite Cherry Grove street, if extended, which runs to the east from Jefferson. The testimony indicated that he was facing in a northwesterly direction, although one witness stated that he was facing the east. The record contains no testimony as to how he reached this point. There was testimony that immediately prior to the accident, the northbound traffic lane, east of and adjacent to the center line, was free of traffic; that defendant's car, traveling in this lane, passed several cars, eventually striking deceased, who was standing near the center line as heretofore described. Defendant testified that he was driving 1½ or 2 feet from the center line and that he first saw deceased when he was 4 to 6 feet away. Upon this state of facts, it cannot be said that the trial court erred in not finding deceased guilty of contributory negligence as a matter of law.

Deceased at the time of his death was 26 years of age and was earning approximately $200 per month. The mortality tables, introduced in evidence, showed that he had an expectancy of life of 38.11 years.

No proof was introduced of contributions by decedent to the support of dependents or of hospital or doctor bills. He did not recover consciousness between the time of the accident and his death. Therefore, defendant contends, plaintiff has shown no damages recoverable in this action, claiming that the survival act, under which the action was brought, has been repealed by Act No. 297, Pub. Acts 1939,

and that the measure of damages set forth in such act applies and is controlling in this case. Act No. 297, § 2, Pub. Acts 1939, among other things, provides a measure of damages as follows:

"In every such action the court or jury may give such damages, as, the court or jury, shall deem fair and just, with reference to the pecuniary injury resulting from such death, to those persons who may be entitled to such damages when recovered and also damages for the reasonable medical, hospital, funeral and burial expenses for which the estate is liable and reasonable compensation for the pain and suffering, while conscious, undergone by such deceased person during the period intervening between the time of the inflicting of such injuries and his death."

Inasmuch as the act in question did not become effective until subsequent to the institution of this action, the determination of the point raised depends upon whether or not the statute is to be given retrospective effect. What did the legislature intend? Section 1 concludes:

"All actions for such death, or injuries resulting in death, shall *hereafter* be brought only under this act."

It appears to us that it was plainly the intention of the legislature that the act should apply only to actions commenced after the effective date thereof. This, we believe, is the clear purport of the last sentence of section 1 as above quoted. Nowhere in the statute is there to be found any statement or provision indicating that a contrary result was intended.

"A statute is prospective only which expressly declares that it is not retroactive. So where, by its terms, a statute is to apply 'hereafter' * * * it is prospective only in operation." 59 C. J. p. 1159, § 691.

See, also, *Thomas* v. *Mayo,* 56 Me. 40; *Foster* v. *Berkey,* 8 Minn. 351; *Peters* v. *Auditor,* 33 Grat. (74 Va.) 368; *Realty Co.* v. *Appolonio,* 5 Wash. 437 (32 Pac. 219).

The judgment is affirmed, with costs to appellee.

BUSHNELL, C. J., and SHARPE, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred. The late Justice POTTER took no part in this decision.