SMITH *v.* WHITEHEAD.

1. AUTOMOBILES—NEGLIGENCE—DIVERSION OF 2-WAY TRAFFIC INTO 1-WAY LANE—WRONG SIDE OF ROAD.

Westbound defendant motorist was justifiably present on northerly side of eastbound portion of divided highway when he came into contact with plaintiff pedestrian, hurrying southbound, where westbound traffic had been diverted because of repaving; hence, defendant was not guilty of negligence in traveling west in normally eastbound portion as he was not violating statutes or rules of the road (CLS 1954, § 257.634).

2. SAME—NEGLIGENCE—SPEED—OBSERVATION—PEDESTRIANS.

The failure of defendant motorist to observe plaintiff pedestrian did not constitute negligence on defendant's part, under the circumstances, where it appears defendant was proceeding at only 15 miles per hour and that plaintiff suddenly darted at or near projected crosswalk and lunged into the side of the car.

3. SAME — PEDESTRIANS — RIGHT-OF-WAY — CROSSWALKS — ORDINANCES—EVIDENCE.

Plaintiff pedestrian was unable to claim protection of city traffic ordinance giving pedestrians right-of-way on crosswalks in action against motorist, where there is testimony that plaintiff did not start across the street with the projected crosswalk.

4. SAME — PEDESTRIANS — CONTRIBUTORY NEGLIGENCE — FINDING OF COURT—EVIDENCE.

Evidence adduced in southbound pedestrian's nonjury action against westbound defendant motorist *held,* not to preponderate against trial court's finding that plaintiff was guilty of contributory negligence, where it appears that he ran

REFERENCES FOR POINTS IN HEADNOTES

[2] 5 Am Jur, Automobiles § 191.
[3] 5 Am Jur, Automobiles § 456; 25 Am Jur, Highways § 452.
[4] 5 Am Jur, Automobiles § 447.
[5] 3 Am Jur, Appeal and Error §§ 896, 897.

into the side of the car after failing to observe that westbound. traffic had been diverted into the northerly eastbound lane, because of resurfacing operations on divided highway.

5. APPEAL AND ERROR—NONJURY CASE—FINDINGS OF FACT—PRE-PONDERANCE OF EVIDENCE.

The Supreme Court does not reverse a nonjury case unless the evidence preponderates against the findings of fact.

Appeal from Ingham; Hayden (Charles H.), J. Submitted April 6, 1955. (Docket No. 24, Calendar No. 46,409.) Decided June 6, 1955.

Case by Kenneth Meighan Smith against Rudy L. Whitehead, Laird Whitehead and Emma Whitehead for damages arising from injuries sustained in automobile-pedestrian accident. Judgment for defendants on trial without jury. Plaintiff appeals. Affirmed.

*Beer, Osgood, Rowston & Currah,* for plaintiff.

*William J. Sessions,* for defendants.

BUTZEL, J. Grand River avenue, immediately north of the campus of Michigan State College in East Lansing, Michigan, is a divided boulevard, there being 2 paved roads, each 28 feet wide separated by a sodded and wooded island 32 feet in width. There are long rows of business buildings facing the northerly road which is used for traffic going west toward the city of Lansing. The southerly road abuts the campus and is used for eastbound vehicles. On October 10, 1952, road resurfacing operations were in progress.

Kenneth M. Smith, plaintiff, was a student at the college, roomed just east of the East Lansing city limits. On that particular morning he had occasion around 10 a.m. to drive west on the northerly road

of Grand River. Part of this road was then in use as apparently the contractors were resurfacing 1 lane at a time. After transacting his business plaintiff with 2 companions drove to a parking lot on the west side of Bailey street, which runs into Grand River from the north. This was about 11 a.m. For some reason he had to go to a building on the campus so he left his companions in the car, crossed to the east side of Bailey street, and walked south to the intersection of Bailey and Grand River. It is a fair inference that he was in a hurry to get across Grand River to the campus.

At that hour the intersection of Bailey street with Grand River was closed, there being warning cones placed across it, presumably to prevent traffic on Bailey street from turning west onto the northerly road of Grand River. In addition, at that time the northerly road of Grand River was completely closed to traffic at some point east of the Bailey intersection, because of the paving operations. Westbound traffic had been diverted from the northerly road by a watchman, at times relieved by a policeman, who directed vehicles to use the northerly lane of the south road of Grand River, normally used exclusively by eastbound traffic. This road was wide enough to accommodate 2 or possibly 3 cars abreast. Hence there existed a situation where a normally 1-way portion of a divided boulevard was temporarily being used for 2-way traffic.

At Grand River plaintiff crossed the northerly road, noticing at the time that a steam roller was parked nearby to the east. On reaching the island he continued across and at the curb of the southerly road he looked to the right for the usual eastbound traffic but did not look to the left for the oncoming diverted westbound traffic. Just at the moment that he started to cross and took his first step he came in contact with defendants' car which was traveling

·west some 15 miles per hour about 2 feet from the curb. The car was driven by Rudy L. Whitehead and was owned by Laird Whitehead and Emma Whitehead, his parents, all defendants herein.

It is evident that he ran against the hood and fender of the slowly-moving car and was thrown back onto the grass of the boulevard island. He did not run in front of the car as the side of the hood was dented by the impact of the collision. Plaintiff was very severely injured. The tibia of his left leg was badly fractured, requiring considerable surgery and the use of a metal support to reset it. A re-fracture later on necessitated another operation. Although the trial took place a year and a half after the accident the leg had not fully healed and when it does plaintiff will be permanently incapacitated to a certain extent.

There is no claim whatsoever that the car was driven at an unlawful rate of speed. It had been diverted by the watchman to the northerly lane of the southerly road. Plaintiff did not look and it is quite evident that had he done so the serious accident would not have occurred. A police officer arrived immediately after the accident and talked to the plaintiff. The officer testified that the gist of what plaintiff said was that he was running at the time and did not see the car at all and that he should have looked the other way, having forgotten that the road was blocked off. At the trial plaintiff claimed that he did not know of the diversion of traffic because earlier in the morning he had used the northerly road which was not then closed. He further stated that during his attendance at the college for more than 3 years, he had never known traffic from the east to use the southerly road.

At the conclusion of the trial without a jury the judge who heard and carefully reviewed the testimony concluded that there was no negligence on the

part of the defendant and, further, if there was any, the plaintiff was guilty of contributory negligence. Plaintiff has appealed and asks that the judgment be reversed and the cause remanded.

Plaintiff argues that he was not contributorily negligent for failure to observe defendants' car because it was on the wrong side of the road and he had a right to assume that vehicles would obey the rules of the road. See *Dreyfus* v. *Daronco,* 253 Mich 235; *Siegel* v. *Detroit Cab Co.,* 246 Mich 620. While defendant driver may have been on that portion of the road normally used by traffic in the opposite direction, he was justifiably there, having been directed to use it because of construction and resurfacing operations. See CLS 1954, § 257.634 (Stat Ann 1952 Rev § 9.2334). Under such circumstances he was not violating the statutes or rules of the road. *Cf., Warwick* v. *Blackney,* 272 Mich 231, 237; *Savas* v. *Beals,* 304 Mich 84. Though apparently not directly aware of the diversion of traffic plaintiff knew of the resurfacing operations and admitted seeing the warning cones closing off Bailey street at Grand River. The evidence does not preponderate against a finding that plaintiff was contributorily negligent.

Even if plaintiff was not under a duty to observe or was not on notice, the evidence clearly supports a finding that defendants were not negligent. Plaintiff claims the protection of section 83-A, traffic ordinance No 26 of the city of East Lansing, then in force, which provided that pedestrians crossing an intersection at an unmarked crosswalk have the right-of-way over motor vehicles. Defendant, on the other hand, cites section 84-A, traffic ordinance No 26 of the city of East Lansing, which provided in substance that one crossing a street at any point other than within a crosswalk shall yield the right-of-way to vehicles. At the trial there was considerable dispute about the location of the crosswalk, as

well as whether or not plaintiff was in it at the time of the accident. For purposes of this case the location of the crosswalk is immaterial. Whatever its location there is ample testimony to support the conclusion that plaintiff did not start to cross within it, but east of it. However, even if he was within it, it does not mean that he had the right to lunge into the side of the car which had practically arrived at that spot. We agree with the trial judge when he stated:

"If plaintiff moved suddenly from the curb as claimed by defendants, without warning, or anything that could or should have caused defendant driver to have anticipated his going into the street, even though he was on the projected crosswalk, and even though defendant had been making close observation of him, that would not constitute negligence on the part of defendant driver."

In cases tried before a judge without a jury the judgment will not be reversed unless the evidence preponderates against the findings of fact. *Hall* v. *Horak*, 329 Mich 16; *C. E. Tackels, Inc.*, v. *Fantin*, 341 Mich 119.

Under the circumstances we shall not disturb the judgment for defendants and we affirm it, with costs to defendants.

CARR, C. J., and SMITH, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.