ARNOLD v. GOLDSTEIN.

1. AUTOMOBILES—PEDESTRIAN STANDING IN A STREET.
   One injured while momentarily standing in the highway is not per se guilty of contributory negligence and the negligent motorist who may strike the pedestrian is not exonerated from all duty and from liability by the fact that he is not in motion.

2. SAME — PEDESTRIANS — CONTRIBUTORY NEGLIGENCE — CROSSING STREET IN MIDDLE OF BLOCK — QUESTION FOR JURY.
   Contributory negligence of westbound pedestrian who crossed street at 5:30 p. m. early in November in the middle of the block after having observed northbound traffic had stopped for a traffic light a half block away and that no southbound traffic was in sight *held,* question for jury, where he reached double yellow line as defendants' truck approached rapidly from the north and as he stepped back and discovered another defendant's car approaching from the south both vehicles "hugging" the center line in such a way that each struck plaintiff and collided with each other, since plaintiff was confronted with an emergency.

3. SAME—PEDESTRIAN—CITY ORDINANCE—EVIDENCE.
   Trial court did not err in refusing to charge jury, in action by pedestrian who was injured when struck by southbound truck and northbound car while midway across street in middle of city block, or in directing verdict for defendants because of plaintiff's failure to comply with city ordinance, where ordinance had not been introduced in evidence and there was no testimony with respect to it.

Appeal from Genesee; Elliott (Philip), J.    Submitted October 11, 1955.    (Docket No. 59, Calendar No. 46,462.)    Decided December 1, 1955.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur, Automobiles § 450 *et seq.*
[2] 5 Am Jur, Automobiles §§ 454, 705, 706.
[3] 5 Am Jur, Automobiles § 601.

Case by Charles Arnold against Samuel Goldstein, doing business as Sample Furniture & Appliance Company, Harold B. Frost and Albert Berry for injuries sustained when struck by vehicles while crossing street. Verdict and judgment for plaintiff against all defendants. Defendants Goldstein and Frost appeal. Affirmed.

Leo M. Church (Basil F. Baker, of counsel), for plaintiff.

Neithercut & Neithercut (Hoffman & Rubinstein and Loikrec & Brainard, of counsel, for defendant Goldstein), for defendants Goldstein and Frost.

Skinner & Joseph, for defendant Berry, join in brief.

BUTZEL, J. Charles Arnold, plaintiff, suffered severe injuries through being struck by a truck owned by Samuel Goldstein, doing business as Sample Furniture & Appliance Company, defendant, driven by Harold B. Frost, defendant. Immediately thereafter he was again struck by a car driven by Albert Berry, defendant. Plaintiff alleged that his injuries resulted through the negligent operation of defendants' respective truck and car. Plaintiff recovered a large judgment against all 3 defendants. Defendant Berry does not appeal from the judgment although his attorneys added their names to the brief on behalf of the other 2 defendants as appellants.

We shall limit our discussion exclusively to the 3 questions raised in appellants' brief. The first is whether the judge erred in not granting a motion for a directed verdict at the close of plaintiff's proofs on the ground that plaintiff was contributorily negligent as a matter of law. The third question is similar except that it is based upon the judge's refusal

to direct a verdict at the close of the proofs. Appellants in their brief apparently do not question the jury's finding that they were negligent but they maintain that plaintiff was guilty of contributory negligence.

A very brief resume of the facts becomes necessary. The accident occurred shortly after 5:30 p.m. on November 5, 1953, in the city of Flint, Michigan. Plaintiff, 51 years of age, left his lodgings and walked down the east side of Saginaw street and after passing East Ninth street came to a point opposite a cleaning establishment, where he had some business. He thereupon started in the middle of the block to cross to the west side of Saginaw street. The street is divided in the center by a double yellow line for north- and southbound traffic. Before leaving the curb plaintiff looked to the south, saw that the traffic in that direction was stopped by a red light at the next street crossing, and then he looked towards the north, where he found that there was no traffic in sight. He walked at an ordinary gait and upon reaching the center of the street he saw defendant's truck approaching rapidly from the north and "hugging" the center line of Saginaw street. Plaintiff concluded that it was safest for him not to continue across but since the truck was approaching rapidly at or next to the center line, plaintiff decided to step backwards, but on looking to the south he saw defendant Berry's automobile traveling north next to the center line. He thus concluded to remain standing in the center line of the street in the hope that the vehicles would pull over but a slight distance and thus avoid striking him. However, defendants did not deviate but moved straight on, notwithstanding they easily could or should have seen the dangerous position in which plaintiff stood. Plaintiff claims that the truck struck him below the knees and that the car hit

his left side. The truck and the car must have hugged the center line for they collided, although only slight damage resulted.

In *White* v. *Edwards,* 222 Mich 321, 323, we stated:

"Numerous decisions of courts of last resort hold, and we think they should be followed, that one injured while momentarily standing in the highway and when not in motion is not per se guilty of contributory negligence, and that the offending party is not exonerated from all duty and from liability by the fact that he is not in motion."

To like effect see: *Rentz* v. *Anhut,* 284 Mich 695; *Carter* v. *C. F. Smith Co.,* 285 Mich 621; *Wallace* v. *Kramer,* 296 Mich 680; *Burnash* v. *Compton,* 298 Mich 70; *Douglas* v. *Holcomb,* 340 Mich 43.

In the instant case it was shown that 2 brothers crossed the same street not far from where plaintiff started to cross. They left the curb shortly after plaintiff reached the center of the street. They ran and were just able to get across without being struck. It is urged that if plaintiff had hurried he would have avoided the accident. He was confronted with an emergency. He had to decide whether to run the risk of hurrying across the path of the oncoming truck or to stand in what he deemed a place of safety. That of itself does not constitute contributory negligence per se. At most it was a question for the jury which was properly instructed as to contributory negligence. It found in plaintiff's favor.

The only other question presented is whether the judge erred in not considering the traffic code of the city of Flint. The traffic code was at no time introduced; in fact, it does not even appear in the record or the briefs. The first motion for a directed verdict was made at the end of testimony on behalf of plaintiff, in the private office of the trial judge.

There had not been a word of testimony in regard to the traffic code of the city of Flint. Presumably the code was adopted as an ordinance by the city of Flint. It is true that in the answer to the motion attorney for plaintiff cited only cases to the effect that violation of a city ordinance is not negligence per se. The judge made no written finding nor gave his reasons for denial of motion to direct a verdict for defendants. He did not err in declining to direct a verdict on the strength of the traffic code that had not been introduced in evidence. At the end of all the testimony, and after the charge of the judge to the jury, attorneys for defendants Goldstein and Frost asked the court to also instruct the jury relative to the duty of a pedestrian as set out "in the city of Flint —." The code or ordinance was not in evidence and it was too late to introduce it after the testimony was all in. There was no abuse of discretion by the trial court in refusing to charge the jury in regard to the traffic code of the city of Flint. It was not introduced in evidence, and we need not discuss its effect as if it had been.

Judgment affirmed, with costs to plaintiff.

CARR, C. J., and SMITH, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.