## WARE v. NELSON.

1. APPEAL AND ERROR—JUDGMENT NOTWITHSTANDING VERDICT—EVI-
DENCE.

Disputed facts are viewed from the point of view favorable to
plaintiff, which the jury found to be true, on plaintiff's appeal
from judgment for defendant notwithstanding the verdict.

2. AUTOMOBILES—PEDESTRIANS—INSTRUCTIONS—CONTRIBUTORY NEG-
LIGENCE.

Instruction in pedestrian's action against motorist that plaintiff
must show that he was not guilty of any negligence at the
time and place in question, which in any way, contributed to
or was a proximate cause of the accident held, proper.

3. SAME—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS
—FINDING BY JURY.

A jury's verdict for plaintiff pedestrian in his action against
defendant motorist must be read as a finding that plaintiff
was not guilty of contributory negligence, where jury was
properly instructed as to such issue.

4. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE AS MATTER OF LAW.

The standard of care to be demanded of a plaintiff, lest he be
held guilty of contributory negligence as a matter of law,
must be viewed in the light of the total facts confronting him,
as well as the actions of defendant in relation to him.

5. AUTOMOBILES — PEDESTRIANS — CONTRIBUTORY NEGLIGENCE — EVI-
DENCE.

Eastbound pedestrian at 4 p.m. late in February who had seen
southbound defendant approaching behind a double-parked

REFERENCES FOR POINTS IN HEADNOTES

[1] 5A Am Jur, Automobiles and Highway Traffic § 1108.
[2] 5A Am Jur, Automobiles and Highway Traffic § 1097.
[3] 5A Am Jur, Automobiles and Highway Traffic § 1016.
[4] 5A Am Jur, Automobiles and Highway Traffic § 746.
[5] 5A Am Jur, Automobiles and Highway Traffic § 746 et seq.

car and was on east side of street when hit by defendant
then wholly in easterly half of street as he swerved around
the double-parked car *held,* not guilty of contributory negli-
gence as a matter of law in having failed to keep defendant's
car under more observation or make a better estimate of his
speed or make a correct decision that his greatest danger was
from his left than from his right where there was a curve
in the street to the right and approaching traffic therefrom
had a clear right to use the lane he was entering.

Appeal from Calhoun; Steinbacher (Harold E.),
J. Submitted June 5, 1957. (Docket No. 16, Calen-
dar No. 46,318.) Decided March 5, 1958.

Case by Henry M. Ware against Dewey A. Nelson
for personal injuries sustained when struck by auto-
mobile. Judgment for defendant notwithstanding
verdict. Reversed and judgment ordered entered on
verdict.

*Russell W. Conroy,* for plaintiff.

*McAuliffe & Harbert (J. W. McAuliffe,* of coun-
sel), for defendant.

EDWARDS, J. This case concerns an automobile-
pedestrian accident. It occurred at about 4 p. m.
on February 27, 1953, on River street, in the city of
Battle Creek. Plaintiff Ware was walking east
across River street, and defendant Nelson was driv-
ing south on River street, when the accident oc-
curred. As a result of it, plaintiff had 2 teeth bro-
ken off, and suffered facial injuries and a sprained
shoulder.

This case was tried before a jury, which rendered
a verdict for plaintiff for $2,000. The trial judge,
however, granted defendant's motion for judgment
notwithstanding the verdict, on the ground that
plaintiff was guilty of contributory negligence as a

matter of law. On plaintiff's appeal, our sole question is whether or not plaintiff was guilty, as a matter of law, of negligence which contributed as a proximate cause to his injury.

. On such an appeal, we view the disputed facts from the point of view favorable to plaintiff, which the jury found to be true. *Gapske* v. *Hatch,* 347 Mich 648; *Cabana* v. *City of Hart,* 327 Mich 287 (19 ALR2d 333).

. In this case, we believe that this may best be done by quoting the summary of plaintiff's claims from the trial judge's charge to the jury, since a review of the record indicates that there is evidence to substantiate all of this careful summary:

. "Now, then, it is the claim and contention of the plaintiff, Henry M. Ware, that this motor vehicle accident occurred in the following manner.

"That, on February 27, 1953, at or about 4 o'clock in the afternoon of said day, the plaintiff was walking east across River street in the city of Battle Creek, Michigan. That, at that time there were cars parked at both the east and west curbs of said street, and that also there was an automobile double-parked on the westerly half of said street.

"That the plaintiff made observation for any traffic in motion on River street before he commenced to walk across River street at a point approximately 250 feet south of the intersection of River street and Madison avenue.

"That there was no traffic signal light at the said intersection.

"That, as the plaintiff neared the center of the said River street, and as he crossed the center of the street and continued onto the east half of River street, he made observations to the south for possible northbound traffic on River street, and he made careful observations, because of a curve in River street, to the south of where he was then located.

"That, after the plaintiff had traveled 3 or 4 feet on the east half of River street, he heard the noise of skidding automobile tires to his left and, on looking to his left, he observed the defendant's car approximately 1/2 car length away from him and being driven south completely on the east half of River street, and the horn of said automobile had not been sounded.

"That the right front corner of the defendant's automobile hit the left hand and left front portion of the plaintiff's body, which turned the plaintiff approximately a half of a turn around, knocking the plaintiff onto the pavement, where he landed on his face.

"That this collision caused the plaintiff to sustain personal injuries and other damages."

The total record indicates a dispute as to the following relevant facts:

Plaintiff claims that he was 3 or 4 feet over the center line of the street, or into the defendant's left-hand side of the street, when he was struck. Defendant's testimony disputes this. Plaintiff claims the right front of defendant's right fender struck him as he had stopped in his tracks. Defendant claims that plaintiff walked into his car, striking it at the rear of the right fender at a line with the windshield. Finally, plaintiff's version was that he was 1–1/2 car lengths from the automobile double-parked in defendant's right half of the roadway, while defendant claims he crossed within 4 to 6 feet of same.

These conflicts, the jury resolved in plaintiff's favor, and we must assume for the purpose of the present appeal that we deal with a factual situation, where the defendant turned out to pass a double-parked car and was traveling on the far left side of the street, and that plaintiff was struck by defendant's automobile at a point 1–1/2 car lengths in

front of the double-parked car, after plaintiff had crossed several feet over the center line in his progress toward the far curb.

The trial judge properly instructed the jury that for plaintiff to recover, it must find:

"First that the plaintiff, at the time and place in question, was not guilty of any negligence which, in any way, contributed to or was a proximate cause of the accident."

*Orme* v. *Farmer,* 268 Mich 425; *Gapske* v. *Hatch, supra;* 38 Am Jur, Negligence, § 212; 65 CJS, Negligence, § 129.

And the verdict of the jury must be read as the jury's finding that plaintiff was *not* guilty of such negligence.

The trial judge, in granting the motion for judgment notwithstanding the verdict of the jury, relied upon 1 case—*Malone* v. *Vining,* 313 Mich 315—and held that with the testimony construed in the view favorable to plaintiff, he could not be held to have discharged the duties pertaining to observation set forth therein.

The crucial testimony pertaining to plaintiff's observation, we believe to be the following:

"*Q.* You looked both ways before you started across that street?

"*A.* Yes.

"*Q.* When was the next time you looked? Where were you? Which way did you look?

"*A.* I turned to the left, or to the north.

"*Q.* After you started to move?

"*A.* I'd already moved out by that time.

"*Q.* How far? The next time you looked north?

"*A.* I was pretty close to the center.

"*Q.* Far enough out so you could look around this double-parked car?

"*A.* I could see around the edge of it.

"*Q*. How far north could you see? Or could you see north at all?

"*A*. The car obstructed the view somewhat. I could see the car about 1/3 of the distance down from the intersection at that time.

"*Q*. You could see a car down the street?

"*A*. Yes, sir.

"*Q*. What side of the road was it on?

"*A*. On the west side of the road.

"*Q*. You could see around the double-parked car sufficiently to see it?

"*A*. I could see through the windows of the car and the overall edges of it.

"*Q*. Of which? Through the windows, or around it?

"*A*. You can look through.

"*Q*. Not what you can do, but what did you do?

"*A*. Looked through the windshield and the rear window.

"*Q*. Then you were looking through the windows of the car? You were not looking around it at that time?

"*A*. You see more than just the bare windows when looking in that direction.

"*Q*. What did you see?

"*A*. I was not focused on any one thing.

"*Q*. What did you see?

"*A*. I saw the double-parked car yet, and saw the other car about 1/3 of the distance down from the corner.

"*Q*. One third of 250 feet?

"*A*. Right.

"*Q*. Or say—83 or 85 feet?

"*A*. Yes."

It is clear from the above that the plaintiff's estimate of his situation in relation to defendant was made through the front and rear windows of the standing car, and while defendant was on his own side of the road. Defendant's testimony substantiates his location in his own right-hand side of the

street at this juncture. Defendant also asserts that he stopped behind the standing automobile before shifting into low gear to cross the center line and go around it.

It is not debatable that plaintiff's observation and/or his deductions therefrom were inadequate for his own protection. If our test of contributory negligence was whether or not plaintiff had done all that he conceivably could have done, or even all that, in retrospect, it is obvious he should have done for his own safety, no negligence action could ever be maintained.

*Malone* v. *Vining, supra,* has been read and argued substantially to this effect. It has been cited for the obviously impossible proposition that it imposes a duty to observe in all 360 degrees of direction at the same time. We believe, however, that its holding as to a plaintiff's duties to observe as a condition precedent to jury trial and verdict has been interpreted more reasonably by this Court in recent years. The standard of care to be demanded of plaintiff, lest we hold him guilty of contributory negligence as a matter of law, must be viewed in the light of the total facts confronting him, as well as the actions of the defendant in relation to him. *Ortisi* v. *Oderfer,* 341 Mich 254; *Krause* v. *Ryan,* 344 Mich 428; *Ohman* v. *Vandawater,* 347 Mich 112; *Barron* v. *City of Detroit,* 348 Mich 213.

See, also, *Detroit & Milwaukee R. Co.* v. *Van Steinburg,* 17 Mich 99.

This was not a case where plaintiff had uninterrupted vision of defendant at all times (*Malone, supra*), or where defendant came straight ahead as he had a clear right to do (*Ludwick* v. *Hendricks,* 335 Mich 633), or where plaintiff was found to have walked into the side of the automobile (*Smith* v. *Whitehead,* 342 Mich 542), or where plaintiff failed

to observe at all.  *Halzle* v. *Hargreaves,* 233 Mich 234.

In this case, plaintiff did fail to make a proper estimate of defendant's proximity or speed when he saw him through the front and rear windows of the double-parked car.  He did fail to anticipate his swerve into the left-hand side of the street.  He did fail to make a correct decision on whether his greatest danger might come from his right around the curve where approaching traffic had a clear right to use the lane he was entering, or from his left where a car might (and did) swerve into the left-hand lane to pass a double-parked car.

Can we really say that these failures of judgment were such as to be undebatably outside the realm of conduct of the ordinarily-prudent person?

We consider such a judge-made standard as would be suggested by an affirmative answer too rigid and too artificial.  The facts in relation to plaintiff's negligence should be very clear to warrant our depriving a citizen of his right to a jury trial.  See *Bishop* v. *New York Central R. Co.,* 348 Mich 345; *Barron* v. *City of Detroit, supra; Detroit & Milwaukee R. Co.* v. *Van Steinburg, supra.*

In a somewhat parallel fact situation to our instant case, Justice STEERE, for a unanimous Court, held:

"We know of no authority holding it is contributory negligence as a matter of law if a pedestrian does not continue to look after passing the center of the street for automobiles running on the wrong side of the street, although an automobile is in sight approaching on its right side of the street which the pedestrian had just crossed."  *Rowland* v. *Brown,* 237 Mich 570, 576.

As the power and acceleration of the automobile have increased, the effectiveness of the evasive action of the pedestrian has declined.  See *Bartlett* v.

*Melzo,* 351 Mich 177. This Court should not leave the pedestrian a legal sitting duck.

We believe that the circuit judge was in error in granting the motion for judgment notwithstanding the verdict, and we reverse for entry of judgment upon the verdict. Costs to appellant.

SMITH, BLACK, and VOELKER, JJ., concurred with EDWARDS, J.

DETHMERS, C. J., and CARR and KELLY, JJ., concurred in the result for reasons stated in above quotation from *Rowland* v. *Brown,* 237 Mich 570.

KAVANAGH, J., took no part in the decision of this case.