McKENZIE *v.* NELSON.

1. TRIAL—DIRECTED VERDICT—JUDGMENT NOTWITHSTANDING VERDICT —EVIDENCE.

The proof and all fair inferences arising from that proof must be viewed in the light favorable to plaintiff when determining whether to grant or deny a motion for a directed verdict or for a judgment notwithstanding the verdict.

2. AUTOMOBILES — PEDESTRIANS — NEGLIGENCE — EVIDENCE — FOLLOWING TOO CLOSELY.

Evidence that northbound defendant motorist was only 10 to 15 feet behind car preceding him and did not see westbound plaintiff pedestrian some 100 to 135 feet north of where traffic light had stopped defendant *held*, sufficient to justify jury finding him guilty of negligence in pedestrian's action for injuries sustained at center of street while waiting for southbound traffic to pass.

3. SAME—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

Westbound pedestrian who attempted to cross street some 100 to 135 feet north of traffic light on busy street capable of carrying 4 lanes of traffic each way and who had reached centerline of street where he awaited passage of southbound traffic *held*, not guilty of contributory negligence as a matter of law in action against northbound motorist who struck him after having followed only 10 to 15 feet behind another northbound car while both were going some 20 to 25 miles per hour; the fact that plaintiff did not exercise a high degree of care not establishing that he was guilty of contributory negligence as a matter of law.

Appeal from Genesee; Gadola (Paul V.), J. Submitted January 7, 1958. (Docket No. 12, Calendar No. 47,104.) Decided April 15, 1958.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5A Am Jur, Automobiles and Highway Traffic § 1024.
[2] 5A Am Jur, Automobiles and Highway Traffic § 347.
[3] 5A Am Jur, Automobiles and Highway Traffic § 762.

Case by Peary W. McKenzie against Troy L. Nelson for personal injuries sustained when struck by automobile. Judgment for defendant notwithstanding verdict. Plaintiff appeals. Reversed and remanded for entry of judgment on verdict.

*Leitson & Dean* and *Richard C. Fruit,* for plaintiff.

*Ransom & Fazenbaker,* for defendant.

BLACK, J. This is a so-called pedestrian case. The jury returned a verdict for plaintiff in the sum of $3,000. Defendant's motion for judgment notwithstanding the verdict was granted for reasons given by the trial judge as follows:

*"The Court:* Well, sometimes in these cases, of course, when a jury renders a verdict, that is final, if it is warranted by the facts. There are 2 elements here. In the first place, the facts do not warrant that verdict, in the opinion of the court, and in the second place, in the opinion of the court the jury considered it was not warranted, because they came back and asked this question, which is very peculiar: 'If both parties are guilty of negligence, could the plaintiff recover.' The court told them in the negative. They were out for some time and returned with the verdict given, apparently showing that it is either a compromise or sympathy verdict on the part of the jury, and not in accordance with the facts adduced in the case, so a verdict of no cause for action will be entered, *non obstante."*

On motion for directed verdict—and necessarily on motion for judgment notwithstanding verdict— we have said from time to time that the trial judge must guide his deliberation and decision by this rule; that the proof and all fair inferences arising from that proof must be viewed in light favorable

to the party constituting target of the motion.* For a measure of gently reproving comment to the point, see Mr. Justice VOELKER in *Shaw* v. *Bashore*, 353 Mich 31. Here, in the case before us, is the proof and inference so viewed.

North Saginaw street, in Flint, is the heavily-traveled main thoroughfare leading toward Detroit in a southerly direction and Saginaw in a northerly direction. Three and sometimes 4 lanes of traffic pass regularly in each direction. At the intersection of Baker street traffic is controlled by conventional traffic control signals. Some 100 to 135 feet north of Baker plaintiff undertook to cross North Saginaw, from east to west, at a time when both sides of North Saginaw were temporarily free of traffic. When he started across northbound traffic was held at Baker by the traffic signal. It was released shortly after plaintiff started.

Plaintiff reached the center line of North Saginaw prior to imminent approach of the cars theretofore released by the Baker street signal. At that time and place, realizing that southbound traffic was bearing down on his intended path, plaintiff stopped to await passage of such southbound traffic before attempting to pass further toward the west curb.

---

* "Before a verdict can be properly directed by the court for the defendant, all the testimony in favor of the plaintiff bearing upon the issues, given by him and his witnesses, and all making a case for him given on the part of the defendant, if accepted as true, must fail to make out a prima facie case, *after the most favorable construction that can be possibly given to such testimony for the plaintiff*." (*Gibbons* v. *Farwell*, 63 Mich 344, 348 [6 Am St Rep 301].)

"In determining this question (of contributory negligence advanced by motion for directed verdict), we must look at the case as it appears from the plaintiff's own testimony, unqualified by any which was offered on the part of the defendants, and must concede to him any thing which he could fairly claim upon that evidence. He had a right to ask the jury to believe the case as he presented it; and, however improbable some portions of his testimony may appear to us, we cannot say that the jury might not have given it full credence." (*Detroit & Milwaukee R. Co.* v. *Van Steinburg*, 17 Mich 99, 117.)

He says that he stood on the center line, watching southbound traffic, and that he was struck by a northbound car he did not see. This car, as it turned out, was the one driven by defendant.

Defendant motorist testified he was driving north, on North Saginaw, in the lane of traffic "next to the center line;" that he recalled stopping, by command of a traffic control signal, south of the point where the accident occurred; that as he approached such point another car was preceding his car, which preceding car was "straddling the lanes" (between the traffic lane nearest the center line and the one next to defendant's right); that he was between a half car length and three-quarters of a car length behind the car so preceding him, and that he was then driving at the rate of 20 to 25 miles per hour.

Defendant did not see the plaintiff until the approximate time the latter was struck. He testified that the motorist ahead "momentarily slammed on his brakes and swerved to one side" (the right) immediately prior to the collisive impact, and that he, defendant, thereupon applied brakes with result that his car was brought to a near stop prior to such impact. The point of impact was at or near the left front headlight of defendant's car. Plaintiff was thrown to the pavement and injured.

We turn now to the questions brought here— whether on favorable-to-plaintiff view of the proof and inferences from that proof the jury was entitled to find causal negligence on defendant's part and freedom from contributory negligence on plaintiff's part.

As to the first question we need but say that the jury could infer negligence, and causal connection between such negligence and plaintiff's injuries, from defendant's testimony that he was following another car, at a speed of 20 to 25 miles per hour, with an average distance of no more than 10 to 15

feet separating the 2 cars. If the jury believed such testimony, and if it believed the related testimony of plaintiff that he was standing at or near the center line of the street, it (the jury) was amply justified in reporting an affirmative finding with respect to this initial issue which is common to every negligence case.

As to the question of contributory negligence: Concededly plaintiff's conduct did not amount to a high degree of care. But that is not our test. As was said in *Ware* v. *Nelson,* 351 Mich 390, 396:

"If our test of contributory negligence was whether or not plaintiff had done all that he conceivably could have done, or even all that, in retrospect, it is obvious he should have done for his own safety, no negligence action could ever be maintained."

We need say no more. *Arnold* v. *Goldstein,* 344 Mich 103; *Rutledge* v. *Gillespie,* 338 Mich 335; *Watroba* v. *City of Detroit,* 334 Mich 182; *Staunton* v. *City of Detroit,* 329 Mich 516; *Straub* v. *Andrews,* 295 Mich 129; *Carter* v. *C. F. Smith Co.,* 285 Mich 621; and *Rentz* v. *Anhut,* 284 Mich 695, govern the presented question and uniformly rule, for these "pedestrian in center of street" cases, that the question of contributory negligence is usually for the jury. As was said in *Carter, supra* (p 625 of report):

"A pedestrian attempting to cross a busy street or highway must frequently wait for traffic coming one way to pass him, then go to the middle of the street and wait for traffic coming from the opposite direction to pass him, and if he does so he is not guilty of negligence as a matter of law. *Bosma* v. *Daniels,* 250 Mich 261. Such pedestrian has a right to assume that the driver of a motor vehicle will not run him down and that such motor vehicle driver approaching will give proper warning signal indicating his approach. *Reynolds* v. *Knowles,* 223

Mich 70. Plaintiff was not guilty of negligence as a matter of law in standing in the middle of the street in question waiting for southbound traffic to clear."

Reversed and remanded for entry of judgment on the verdict of the jury. Costs to plaintiff.

KELLY, SMITH, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred with BLACK, J.

DETHMERS, C. J., and CARR, J., concurred in the result.